RAILROAD COMMISSION OF TEXAS
et al., Relators,

v.

Jack ROBERTS, District Judge, et al.,
Respondents.

No. 10790.

Court of Civil Appeals of Texas.

Austin.

Feb. 15, 1960.

Will Wilson, Atty. Gen., Linward Shivers, John Wildenthal, Jr., Asst. Attys. Gen., Black & Stayton, Austin, for relators.

McKay & Avery, Austin, for respondents.

PER CURIAM.

On February 11, 1960, this Court granted a motion for leave to file a petition for writ of prohibition against Honorable Jack Roberts, Judge of the District Court of Travis County, Texas, 126th Judicial District and Roy R. Gardner, the motion having been made by the Railroad Commission of Texas. After hearing on the same date we entered an order and judgment conditionally granting the writ of prohibition sought by relators.

We will now state the circumstances under which our action was taken and the reasons therefor.

The facts as reflected by the petition are:

Final judgment was rendered in Cause No. 116,411, styled Roy R. Gardner, plaintiff, against the Railroad Commission of Texas et al., defendants, by the 126th Judicial District Court of Travis County on February 3, 1960 granting Roy R. Gardner a permanent injunction by which the Court set aside and held invalid an order of the Railroad Commission of Texas merging the Bruce-Flo (ES) Field, Matagorda County, Texas (in which Gardner's gas well, identified as his Gardner-Lowe No. 1 Beaverson, produces) with the Palacios (Frio E Sand) Field, Matagorda County, Texas, and en-

joining the Railroad Commission of Texas and other defendants from attempting to enforce such order, from which judgment we quote the following:

"And, it further appearing to the Court that the status quo of the parties, just prior to the Commission action complained of and as of this time, is one by which plaintiff was producing his gas well under and by virtue of Statewide Rules 24 and 25, and not under and by virtue of the field rules of the Palacios (Frio "E" Sand) Field, and it also appearing, and the Court finding, that the Commission action seeking to apply said field rules to plaintiff's gas well, as evidenced by the instruments of December 15th, 1959 and December 30th, 1959 (herein more specifically described) is illegal, null and void and that a permanent injunction should issue, * * *"

This judgment also recites that the Railroad Commission of Texas, its members and intervenors "duly and timely excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District at Austin."

On February 9, 1960, the Railroad Commission was served with the following papers in said Cause No. 116,411:

Plaintiff's motion for a partial new trial upon the matter of plaintiff's right to a temporary injunction and request that the judgment be reformed to grant a temporary injunction.

Plaintiff's petition and motion for auxiliary injunctive relief.

Ancillary temporary restraining order, signed by the Honorable Jack Roberts, Judge, 126th District Court, Travis County, Texas, on February 8, 1960.

The temporary restraining order issued by Honorable Jack Roberts, Judge, on February 8, 1960, is copied in full:

"No. 116,411

| | |
|---|---|
| Roy R. Gardner, Plaintiff *v.* The Railroad Commission of Texas et al, Plaintiffs | In the 126th District Court of Travis County Texas |

*Ancillary Temporary Restraining Order*

"On this day, plaintiff having filed herein his motion and request for auxiliary or ancillary injunctive relief, and it appearing to the Court that the Court has entered a final judgment herein in behalf of plaintiff under date of February 3, 1960, to which judgment defendants have excepted and given notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas; and it further appearing that plaintiff has filed a motion for a partial rehearing or new trial upon the right to injunctive relief, upon plaintiff's prayer therefor as contained in his petition, which motion has been timely filed herein less than ten (10) days following the entry of the Court's judgment herein, and it further appearing that this controversy is still pending before the Court, and that defendants, the Railroad Commission of Texas and its members, Ernest O. Thompson, Olin Culberson and William J. Murray, Jr., have, by their action described and complained of in plaintiff's verified request for additional injunctive relief, attempted to assume jurisdiction over the subject matter of this controversy, to-wit, the Commission's letter order of December 15, 1959, and its so-called 'order' of December 30, 1959, (by which the Commission seeks to merge the Bruce-Flo (E–3) Field with the Palacios (Frio "E" Sand) Field, Matagorda County, Texas) and have, as of

the 8th day of February, 1960, entered, issued and promulgated a directive, order, or ruling described as being a Railroad Commission of Texas letter order over the signature of Chief Gas Engineer, John S. Cameron, Jr. and addressed to plaintiff and informing plaintiff that as of February 3, 1960, the said Commission has placed plaintiff's Beaverson No. 1 gas well in the Palacios (Frio "E" Sand) Field, and ordering and directing him to file various documents, and claiming as authority therefor, a quotation from a letter signed by an Assistant Attorney General, and informing plaintiff, in effect, that he must produce by virtue of said field rules and it further appearing to this Court that such action, order and attempt by the defendant Commission and its members and Engineer is an attempt to re-assert jurisdiction over the subject matter of this controversy, and, if allowed to stand, will disturb the status quo of the parties, which status quo has heretofore been found and adjudged by the Court to be that relation and condition by virtue of which plaintiff produces his gas well under the authority of Railroad Commission of Texas Statewide Rules 24 and 25; and this matter being before the Court, and it appearing that any further or additional notice to defendant Commission and its members is not necessary, and that immediate and irreparable loss and damage will result to plaintiff before additional notice and citation can be served and a hearing had thereon unless his application for a temporary restraining order is granted and said defendants be forthwith restrained; and the Court further finding that such temporary restraining order should be granted herein to prevent such immediate and irreparable injury, losses and damage, and to maintain the status quo, it appearing that unless such injunction is granted the Commission will re-assert and enforce its jurisdiction and its void orders against plaintiff with the result that plaintiff's well, producing gas by virtue of said Statewide Rules 24 and 25, will be greatly curtailed, with loss to plaintiff of his rights to lawful production of gas and of distillate, which loss shall be in the approximate amount of 90% of his present production, with the result that plaintiff will lose some $700.00 per day, and for which damage and injury plaintiff has no adequate remedy at law; and it further appearing that this injunction is necessary to protect the subject matter of the controversy and preserve the jurisdiction of the courts;

"It is therefore ·Ordered, that the defendants, the Railroad Commission of Texas, its members, Ernest O. Thompson, Olin Culberson, William J. Murray, Jr., and their engineers, including John S. Cameron, Jr., Chief Gas Engineer, their agents, employees, District Supervisors and attorneys be, and they are hereby, temporarily enjoined and restrained from placing in effect and enforcing, and from keeping in effect and force and from attempting to enforce, by any means, as pertains to plaintiff, his co-owners and the Gardner-Lowe Beaverson, et al. Well No. 1, (identified as producing by pipe line connection with Tennessee Gas Transmission Company) that certain Commission action and order of December 15, 1959, and that certain alleged order of December 30, 1959, and that certain letter order of February 8, 1960, by virtue of which said Commission and said persons have attempted to merge the Bruce-Flo (E–3) Field with the Palacios (Frio "E" Sand) Field, Matagorda County, Texas, and apply the field rules thereof to the Bruce-Flo Field and to plaintiff's Beaverson No. 1 well and said Commission and each and all of said persons are directed to cease and desist any action of any kind which will require plaintiff to produce

by virtue of said field rules and which will require plaintiff to produce on any basis other than the basis of Railroad Commission of Texas Statewide Rules Nos. 24 and 25, which above orders and action of the Commission, here enjoined, has been entered and taken in the Commission's Oil and Gas Docket under various captions and references to the application of Christie, Mitchell and Mitchell to merge said fields, and under caption or reference to a merger of said fields.

"Said temporary restraining order shall remain in full force and effect until 10 o'clock A.M. on the 15th day of February, 1960, at which time defendants shall appear and show cause why a temporary injunction as prayed for in said petition should not be granted; on which matter, and at said time, hearing will be held at the 126th District Courtroom, Travis County Courthouse, Austin, Travis County, Texas.

"Let proper writs issue by the Clerk to enforce this Order.

"The Court here now fixes bond of plaintiff for issuance of this temporary restraining order in the sum of $1000.00 payable to the defendant Commission and its members, the persons who may suffer damages by reason of violation of said order complained of, such bond to be with proper surety, approved and conditioned as by law required; said temporary restraining order to be effective immediately upon filing of such bond with the Clerk of this Court.

"Done and ordered entered of record this 8 day of February, 1960, at 5:07 o'clock P.M., at Austin, Travis County, Texas.

　　　　　"/s　Jack Roberts
　　　　　　　Judge, 126th District
　　　　　　　Court, Travis County,
　　　　　　　Texas."

We quote from the answer of respondents to the petition for writ of prohibition:

"Comes now respondent Roy R. Gardner, and in behalf of himself, and in behalf of the legality and propriety of the action of the Honorable Jack Roberts, Judge, 126 District Court, Travis County, Texas, says that said petition should be in all things denied for the reasons hereinafter stated:

"I. This respondent, as of 3:00 o'clock P.M., on this 10th day of February, 1960, has been furnished a copy of relators' petition, and so far as he knows, says that the Hon. Jack Roberts has not yet been given notice of this proceeding. This respondent is in need of additional time in which to reply hereto, and therefore so prays.

"II. Respondent says that the facts in this controversy, as shown by the attached copy of Order Overruling Motion to Dissolve Ancillary Temporary Restraining Order, are, that the Trial Court has at no time lost jurisdiction of this matter, and is entitled by law to take any action in this cause as might be necessary.

"That there is now pending in said Court a motion by respondent for a partial new trial upon his right to a temporary injunction, and there is also pending his petition for a temporary injunction. That less than 10 days has expired since the entry of the Trial Court's judgment of February 3, 1960, and said motion and petition have been filed and called to said Court's attention within such 10-day period.

"That, as shown by this record, the Commission was cited and has appeared herein for all purposes, and no further notice to said Commission is required by law, there being nothing in Art. 6049c and its subdivisions which operates to require a notice to the Commission each time an injunctive order may be entered, once the Commission

has been duly cited, and has appeared in the case, as here, for all purposes.

"That, as shown by this record, the Commission has attempted to assume jurisdiction of the controversy which is now in the lap of the Court, and has, itself acting ex parte, and without notice, attempted to change the status quo, re-assume jurisdiction and issue orders and directives which will destroy the status quo, even though the Court has sole jurisdiction of this controversy, and has had such since December 22, 1959.

"That, to allow the Commission and its representatives to act in such a high-handed manner as is here attempted is to defeat the Court's jurisdiction, and permit the Commission to violate not only the jurisdiction of the courts, but a final judgment.

"That the Court has full authority, at any time, to enter a temporary injunction which will preserve the status quo and preserve the subject matter of the controversy.

"That, furthermore, the Court still having full jurisdiction of the main suit, it appears to this respondent that the Commission has acted in such a manner as to be in contempt of Court.

"That, unless the Honorable Trial Court is allowed to protect the subject matter, maintain the status quo and protect its own jurisdiction, irreparable harm will result to this respondent, and the Commission will be permitted to substitute its authority for that of the Courts of this State, which the law does not permit.

"III. This relator, in behalf of himself and the Trial Court, says that that court was fully empowered to take the action it did take because the Commission has lost jurisdiction, and cannot re-assume jurisdiction and concealed its purpose and intent to wrongfully reassert jurisdiction, and, in view of these facts, the Court is fully entitled to protect its own judgments and the status of the parties.

"Relator says that if the Railroad Commission can perpetrate this act against this relator, then it can work irreparable harm and injury, subject relator to its order which has been adjudged to be void, and can thus flaunt the courts of this State without cause and without hindrance."

The effect of notice of appeal by and on behalf of the Railroad Commission was to supersede [1] the final judgment entered by the 126th District Court on February 3, 1960. Article 2276, Vernon's Ann.Civ.St.; 3 Tex.Jur.2d, Appeal and Error—Civil, Sec. 354, p. 612.

In Cisco Independent School Dist. v. Dudley, 53 S.W.2d 639, 640, an application was made to the Eastland Court of Civil Appeals to issue a mandatory injunction to compel certain parties to immediately carry out the commands of a District Court judgment, it being alleged that:

"Such relief is sought 'so that the jurisdiction of this court may be preserved and the subject matter of this suit not destroyed,' and thus 'prevent final rendition of judgment in this cause from being a vain and useless thing.' "

The judgment referred to was superseded and the Court in denying the relief sought stated:

" * * * the lawmaking power of this state has provided definite ways of appeal 'from every final judgment of the district court in civil cases,' and, where the appellant or appellants, as in this case comply with the statutes, the trial court has no say, discretionary or

1. Rule 368, Texas Rules of Civil Procedure, provides that execution of a judgment shall be stayed when proper supersedeas bond is filed.

otherwise, and neither does this court; that is, the effect of the supersedeas bond is 'to suspend the execution of the judgment,' and that without let or hindrance from the trial or appellate court.

"In construing the effect of the law granting the benefit of supersedeas bond, our Supreme Court in Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 330, quoted that provision of the statute which we have above set out, and with reference thereto said: 'This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal.'

"There being no question but what the law relative to supersedeas bonds applies in this case, this court has no alternative but to recognize the respondents' rights thereunder, and hold, as we do, that the judgment of the district court has been superseded pending the results of the appeal being prosecuted in an orderly and statutory manner. To hold otherwise would, in effect, be to hold that the judgment below can be enforced during the pendency of this appeal, notwithstanding the respondents or the district committee have fully complied with the law giving them a right to supersede the judgment. The mere statement of the proposition discloses its unsoundness.

"The effect of this court's granting the relief prayed for would be to exercise original jurisdiction in the case, and not appellate jurisdiction, the latter of which alone this court has. City of Laredo v. Martin, 52 Tex. [548] 554. Also it would, as to respondents, nullify the effect of the supersedeas bond and thereby deprive them of its fruits and benefits. No such power

rests in either this or the trial court, and the statute (article 2270) does not make this character of case and the judgment therein an exception to its operation."

We also quote from the case of McDowell v. Hightower, 111 Tex. 585, 242 S.W. 753:

"In a suit in the district court of the Sixtieth judicial district of Texas, at Beaumont, a judgment was entered removing T. H. Garner from the office of sheriff of Jefferson county and suspending him from office pending appeal. From this judgment, T. H. Garner perfected an appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas, by giving notice of appeal and by filing a supersedeas bond, which was approved by the district clerk. The Court of Civil Appeals thereafter, on petition of T. H. Garner granted and issued an injunction, restraining relator as judge of the district court of the Sixtieth judicial district from interfering, pending the appeal, with Garner's discharge of the duties of sheriff of Jefferson county.

"Relator presents a motion for leave to file a petition for a peremptory mandamus, requiring the respondents, the justices of the Court of Civil Appeals, to vacate and annul the injunction, which, it is claimed, unlawfully prevents relator from performing his duty, under article 6049 of Vernon's Sayles' Texas Civil Statutes, to suspend the officer until the appeal may be determined."

In denying relief the Court stated:

"The effect of an appeal in a removal suit, as in any civil case, is to confer jurisdiction on the court to which the appeal is returnable over the parties and subject-matter. Such jurisdiction is ample to protect and enforce every right accruing to a party by reason of his perfecting an appeal under supersedeas bond.

"As said by Chief Justice Pleasants in his opinion in the case of Houston Belt & Terminal Ry. Co. v. Hornberger, Tex.Civ.App., 141 S.W. [311] 313, which was expressly commended and approved by this court in 106 Tex. 104, 157 S.W. [744] 745:

" 'If appellate courts could not enforce their jurisdiction in this way, the right given a litigant to suspend a judgment of a trial court by appeal and the filing of a supersedeas bond would have no protection, and the final decision of the appellate court would often be merely the decision of an abstract question, the subject-matter or substance of the appeal having been practically destroyed by the execution of the judgment of the lower court pending the appeal. No construction of the statute conferring power upon appellate courts to issue writs of injunction when necessary to enforce their jurisdiction which would produce such results can be sound.'

"Any action in disregard of a supersedeas is contempt of the jurisdiction of the court in which an appeal, with supersedeas, is pending. 3 C.J. 1327. It is doing no more than protecting its own jurisdiction for the court to inquire into and prevent such acts as would be in defiance of the effect of the supersedeas.

"It cannot, therefore, be doubted that the Beaumont Court of Civil Appeals was authorized to consider and determine the right of Garner to continue in office during the pendency of his appeal, and to protect and enforce that right, if affirmed, in the exercise of the court's power, under article 1592 of Vernon's Sayles' Texas Civil Statutes, to issue all writs necessary to enforce its jurisdiction. Having jurisdiction to hear and determine the application of Garner for the enforcement of his asserted right, in and to the subject-matter of the removal suit, pending the appeal, the action of the Court of Civil Appeals was not void, regardless of the correctness of the court's construction of the statutes relating to a sheriff's suspension or removal from office and relating to appeals."

In W. D. Yett, Mayor, v. Cook, 115 Tex. 175, 268 S.W. 715, 717, 281 S.W. 843, in an opinion by Chief Justice Cureton, it is stated:

"It is to be noted that the injunction issued by Judge Calhoun is purely ancillary and in aid of the judgment awarding peremptory mandamus. In fact, it may be said that the purpose of the injunction was to require obedience to the mandamus, notwithstanding the fact that the relators might supersede the mandamus judgment on appeal. The petition of Mr. Cook, which expressly stated it was 'Proceeding Ancillary' to the mandamus suit, on which the injunction was granted, after reciting that he had been awarded a mandamus against the relators in this case, set forth that unless the writ of mandamus was forthwith complied with, and respondents in that action (relators here) proceed immediately to order the election and take the steps required by law in obedience to the mandamus, the relief granted him by the mandamus judgment would be wholly denied as the result of delay. The petition recited that the relators here had announced, in connection with the mandamus proceeding, their intention to appeal from the order granting the writ of mandamus, and alleged that if such an appeal was taken from the order awarding the writ, the delay necessarily incident thereto would render wholly ineffectual and would totally destroy the effect of the judgment.

"The prayer for injunction was consistent with the purposes the petition just stated, and the fiat of the judge indorsed on the petition expressly commands the relators here 'to proceed without delay to carry out and perform

and observe the order and mandates of said writ of mandamus.'

"It is plain that the only purpose and effect of the injunctive order was to enforce and execute the judgment awarding the peremptory writ of mandamus, although the relators should appeal the case and supersede the same.

\*   \*   \*   \*   \*   \*

"It is well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees, and judgments, which remain unreversed when the subject-matter is between the same parties in both proceedings. Root v. Woolworth, 150 U.S. 401, 410–411, 14 S.Ct. 136, 37 L.Ed. 1123, which cites and quotes Story's Equity Pleading (9th Ed.)., § 338. But nowhere is it found that an injunction or writ of assistance may be issued having for its purpose the nullification of rights of a party obtained by filing a supersedeas bond.

" \*   \*   \* As heretofore shown, the injunction was applied for for the purpose of rendering ineffective the appeal and supersedeas which might be taken as against the judgment awarding the peremptory mandamus, and its purpose and effect was simply an attempt to nullify the rights of the relators granted them by the statute permitting them to supersede the mandamus judgment. It is true that subdivision 2 of article 4643 provides that an injunction may issue 'where, pending litigation, it shall be made to appear that a party (is) doing some act respecting the subject of litigation, or otherwise, or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual.' It is apparent from this that in order for a judge of a court to have power to issue an injunction pending litigation, the acts sought to be enjoined must have two qualities: first, they

must 'violate some rights of the applicant'; and second, these acts must 'tend to render judgment ineffectual.' It is plain that the acts of the respondents here in giving a supersedeas bond did not 'violate some rights of the applicant', for the reason that the statute gave the respondents the right of supersedeas. The act of filing the supersedeas bond was a lawful act, and did not 'violate any rights of the applicant' nor 'tend to render judgment ineffectual,' except in a manner provided by law. The trial judge was without power and authority or jurisdiction to enjoin the relators from superseding the mandamus order or require its performance after it was superseded."

We quote from City of Lubbock v. Stubbs, 278 S.W.2d 516, 517, Amarillo Court of Civil Appeals:

"Art. 1823, Vernon's Texas Civil Statutes, as to the jurisdiction of the Courts of Civil Appeals provides: 'Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts.' The language of the statute makes no provision for 'maintaining status quo' but provides for the enforcement of the jurisdiction of the court."

We quote from the case of City of Corpus Christie v. Cartwright, 281 S.W.2d 343, 344, San Antonio Court of Civil Appeals:

"A temporary injunction remains in force only until a final decre is rendered by the district court. Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579; Morgan v. Smart, Tex.Civ. App., 88 S.W.2d 769. After a final judgment has been rendered by the district court and an appeal perfected to this Court, the case enters a different phase and under certain circumstances a trial judge may enter a stay order pending appeal or, under extraordinary circumstances when it is necessary to

preserve our jurisdiction, we may enter an original order under authority of Article 1823, Vernon's Ann.Tex.Stats. These matters have recently been considered by us in Wolf v. Young, Tex. Civ.App., 275 S.W.2d 741.

"If it be considered that appellant was correct in its contention that a temporary injunction should have issued, this Court at the present time is patently unable to render such judgment as the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure. The time for such action has now passed and the proper purpose of the order requested, i. e., to preserve the status quo pending a hearing upon the merits in the district court can no longer be served. It is not the function of the appeal from an order granting or refusing a temporary injunction to provide for a system of double trials of causes, nor to substitute an appeal from an interlocutory order as an advance appeal from the final judgment."

In Wolf v. Young, 275 S.W.2d 741, 743, the San Antonio Court of Civil Appeals, in discussing Article 1823, V.A.C.S., said:

"Under Article 1823, our jurisdiction to issue an original writ of injunction is limited to the preserving of the jurisdiction of this Court. We have no jurisdiction to issue an original writ to prevent damage to a litigant pending appeal."

In view of these authorities, we are convinced that the effect of the temporary restraining order issued on February 8, 1960 was to deny to the Railroad Commission its rights accorded it by the statutes of this State to supersede the judgment of February 3rd and that such rights are the proper subject of protection by this Court as ancillary to the appeal from the final judgment of February 3, 1960, and that under Article 1823 which authorizes this Court to issue writs necessary to protect its jurisdiction that the writ of prohibition for which the relator prays should be awarded.

We have no doubt that the Honorable Trial Judge will abide by this opinion and our judgment heretofore entered and for that reason the clerk is directed not to issue a formal writ of prohibition for service.