**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT et al., Relators,**

v.

**Hon. Gordon D. GARY et al., Respondents.**

No. 6637.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 28, 1963.

See also 364 S.W.2d 448.

---

Fuller & Fuller, Port Arthur, for appellant.

Black & Provost, Port Arthur, for appellee.

McNEILL, Justice.

This is a petition for writ of mandamus filed by the trustees of the Port Arthur Independent School District against the respondent, Hon. Gordon D. Gary, Presiding Judge of the District Court in and for the 60th Judicial District of Texas, and against the City of Groves, a municipal corporation of Jefferson County, as co-respondent. The petition seeks the writ requiring the said District Judge to take jurisdiction, hear and determine an application for temporary injunction presented to said judge on January 18, 1963.

Last fall the relator, Independent School District, let a contract for the construction of a certain school building on property which it owned within the city limits of the City of Groves, and under this contract it was contemplated that the building would be ready for use by September, 1963. After the contract for the building had been let and the work thereon commenced, a dispute arose between the officials of the City of Groves and the officials of the relator as to whether or not certain ordinances of the City of Groves relating to construction of buildings, the obtaining of permits therefor, and the inspection of such construction by the proper officials of the City of Groves were valid insofar as they affect relator. To resolve this dispute, relator filed on November 16, 1962, in the 60th District Court of said county under Cause No. B–80012, an application for a declaratory judgment as to whether such ordinances were enforceable against and binding upon said independent governmental agency, the Port Arthur Independent School District. The issue on this question was joined, and at a hearing held on December 6, 1962, the Honorable Gordon D. Gary granted the relief sought by the school district in said suit. The effect of this judgment was to hold that such ordinances were as to the school district and those acting under its authority in the construction of said school building unenforceable and void; and ancillary thereto granted a permanent injunction against the City of Groves and its officials from enforcing or attempting to enforce said ordinances as against the school district in connection with said project, or in any manner interfering with construction of said school building. A formal judgment carrying this into effect was dated, executed and entered by the court on December 13, 1962.

On December 18, 1962, the City of Groves gave notice of appeal to this court, and since that date the appeal has been perfected. On January 8, 1963, for said City, an affidavit was filed with the District Clerk asserting its alleged right under Art. 1174, Vernon's Ann.Tex.Civ.St., to supersede the judgment of the court without the necessity of filing a bond. Thereafter at a meeting of the City Council of the City of Groves held on January 14, 1963, it was decided by the City Council to enforce the penal provisions of said ordinances against the relators and those acting for and in their behalf in the construction of said building. In connection with this petition, relator presents affidavits from officials of the School Board that it was the intention

448

of the City of Groves to enforce its ordinances in connection with said work and advised the workers on the job site that they were subject to criminal prosecution if they continued to work on the job. As a result of this, work on the building has been stopped.

On January 17, 1963 relator filed in the 60th District Court, in the same Cause No. B–80012, which suit has been appealed to this court, an application for temporary injunction restraining the City of Groves and its officials from enforcing said ordinances pending the appeal and final determination of its suit for declaratory judgment. A hearing being had on this application on January 18, 1963, respondent Judge Gary held that as a matter of law he had no jurisdiction to act upon said application for the reason that, since the judgment rendered by him in Cause No. B–80012, this cause had been appealed to this court where it is now pending. Oral argument was heard by us on January 24, 1963 on the question whether the writ of mandamus would lie. In behalf of relator, it is urged that the enforcement of the ordinances involved against its officials and employees and those carrying on the construction work on said school, would tend to render any judgment finally entered in the action for declaratory judgment in favor of relator ineffectual. The cases of Houston Oil Company of Texas v. Village Mills Co., 109 Tex. 169, 202 S.W. 725, 226 S.W. 1075, and Needham v. Arno Co-op Irr. Co., Tex.Civ. App., 196 S.W. 887, are cited in support of the issuance of the writ. In our investigation of the question, two cases have been found which, in our judgment, dictate a different ruling. These are Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 281 S.W. 843 and Railroad Comm. of Texas v. Roberts, Tex.Civ.App., 332 S.W.2d 745.

The plain and only purpose and effect of the temporary injunction now sought would be to enforce the execution of the original injunctive relief granted by the trial court on the first hearing. An appeal was taken from such original order and such order was superseded. It was held in the Yett and R. R. Com. cases, supra, that under such circumstances the trial court has no jurisdiction to grant the injunctive relief now sought, pending the appeal of the original action.

Therein lies the difference between this action and the Houston Oil Co. v. Village Mills Co., supra. In that case no injunctive relief was sought in the original action, and therefore the question of superseding the trial court's order was not involved.

Since the City of Groves has superseded the judgment in Cause No. B–80012, the trial court's ruling that he was without jurisdiction to hear relator's application for temporary injunction against the enforcement of the ordinances involved of the City of Groves is correct. The application for mandamus is denied.