**CITY OF GROVES et al., Appellants,**

v.

**PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 6631.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 28, 1963.

Black & Provost, Port Arthur, for appellants.

Fuller & Fuller, Port Arthur, for appellee.

HIGHTOWER, Chief Justice.

This is an original proceeding in this Court by appellee for a temporary injunction against appellant. It was precipitated by a district court's declaratory judgment in favor of appellee to the effect that certain ordinances of appellant, City of Groves, regulating the construction of buildings within its city limits was void as to appellee. Said judgment also permanently enjoined City of Groves from enforcing any of its building ordinances against appellee in its construction of school buildings. See

for additional facts, opinion of this Court this day announced in Port Arthur Ind. School District v. Gary et al., 364 S.W.2d 446. From this judgment (No. B–80072 in the district court) appellant perfected its appeal to this court on the 2nd day of January, 1963, the submission and determination of which only awaits part of the time in which appellee is allowed for filing its brief.

Meanwhile, we have entertained (Jan. 24) appellee's petition for temporary injunction aforesaid in which it is represented that appellants, having superseded the trial court's judgment under authority of Art. 1174, Vernon's Ann.Civ.St., threaten appellee and its agents with immediate criminal prosecutions from day to day if they continue to build in defiance of said building ordinances. It is urged that the school building must be completed for occupancy for the period 1963–64 school year, beginning in September, 1963, and that there exists no adequate remedy at law, and that if appellant is not enjoined from enforcing its building ordinance, appellee has no alternative but to conform to said ordinances, thereby causing the merits of the case before us on appeal aforesaid to become moot and judgment ineffectual.

This Court has authority to protect its jurisdiction and may issue proper writs therefor. Art. 1823, V.A.T.S. It is said that if criminal prosecutions are carried on by the City against those working upon the school building, no other result would follow than that the School District will have to give in, obtain permit and comply with the City's building ordinances, and that consequently the principal case before us will become moot. At the time arguments were heard on this application for temporary writ of injunction, affidavits were presented by the School District showing that because of threats of criminal prosecutions all construction work on the school building has been stopped. There is no attack made upon the validity of the City's ordinances as such, but merely that they are not applicable to or controlling

upon the School District. In this situation, it may be doubted whether an injunction would lie against such criminal enforcement. Lowe & Archer, Injunctions and Extraordinary Proceedings, p. 242. If injunction should be granted we would be restraining the enforcement of valid ordinances of the City. It is only contended they do not apply to the School District. This is the point that is in doubt. If we fail to grant the injunction work will probably be held up on the school construction. In such event, the appellee may suffer some damage if required to wait upon the outcome of the appeal of the original action, before proceeding with the construction of the school. However, we have no jurisdiction to issue an original writ to prevent damage to a litigant pending appeal. R. R. Comm. v. Roberts, Tex.Civ.App., 332 S.W. 2d 745.

STEPHENSON, Justice (concurring).

I concur with the disposition of this case in accordance with the majority opinion, but for the following reason. The judgment of the trial court, holding the City ordinance void as to appellee and granting injunctive relief to the School District has been superseded. To hold otherwise would, in effect, be to hold that the judgment below can be enforced during the pendency of this appeal, notwithstanding the fact the City of Groves has complied with the law giving it the right to supersede the judgment. The effect of this Court's granting the relief prayed for would nullify the effect of the supersedeas affidavit, and thereby deprive the City of Groves of its fruits and benefits. No such power vests in this Court. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326; Cisco Independent School Dist. v. Dudley, Tex.Civ.App., 53 S.W.2d 639.

In the second place, the power of this Court to grant original writs is strictly limited by Article 1823, V.A.T.S., to enforce the jurisdiction of this Court. The appellee's application for this injunction

makes out no such case. The appellee makes no showing that the jurisdiction of this Court over the subject matter of the litigation is in anywise in jeopardy. Cisco Independent School Dist. v. Dudley, supra.