**CITY OF ATHENS, Texas, et al., Appellants and Cross-Appellees,**

v.

**GULF STATES TELEPHONE COMPANY, Appellee and Cross-Appellant.**

**No. 30.**

Court of Civil Appeals of Texas.
Tyler.

Jan. 16, 1964.

G. F. Smith, Smith, McIlheran & Jenkines, Weslaco, John W. Key, Jr., Life, Bolding & Key, Athens, for appellants.

Richard B. Mayor, Butler, Binion, Rice & Cook, Houston, William H. Kugle, Jr., Athens, for appellee.

PER CURIAM.

Gulf States Telephone Company filed suit in the District Court of Henderson County against the City of Athens, its Mayor and its Commissioners seeking to enjoin the enforcement of two city ordinances fixing the rates for the Telephone Company to charge for its local telephone service in said city on the alleged ground that said rates as fixed by said ordinances were confiscatory and in violation of both State and Federal Constitutions.

The cause came on for hearing before the Court without a jury on the company's application for a permanent injunction; and after a full hearing, the Court entered its judgment as follows:

"It appearing to the Court that the Ordinance of the City of Athens, Texas, passed on September 8, 1961, establishes and prescribes a schedule of maximum rates and charges chargeable by Plaintiff for exchange telephone service in the City of Athens, Texas and that the ordinance of the City of Athens, Texas passed on July 30, 1962 prohibits Plaintiff from setting rates and charges in excess of those prescribed by said ordinance of September 8, 1961; and it appearing to the Court that such schedule of maximum rates and charges prescribed by said ordinance of September 8, 1961 do not permit Plaintiff to earn a fair return upon the fair value of its property used and useful in the rendition of such service, and it further appearing to the Court that Plaintiff had, prior to filing its suit, exhausted its administrative remedy, and has no adequate remedy at law; and

"The Court having concluded that (1) said ordinance of September 8, 1961 and said ordinance of July 30, 1962, of the City of Athens, Texas deprive the Plaintiff of its property without due process of law and are violative of the Plaintiff's rights under Amendment Fourteen of the Constitution of the United States and under Section 13, 17 and 19 of Article I of the Constitution of the State of Texas [Vernon's Ann. St.], and (2) that said ordinance of September 8, 1961 and said ordinance of July 30, 1962 are violative of Plaintiff's rights under the laws and statutes of Texas, including Article 1124 of the Texas Revised Civil Statutes and (3) that Plaintiff is entitled to the permanent injunctive relief prayed for in its verified petition;

I.

"It is accordingly ORDERED, ADJUDGED and DECREED by the Court

that the Defendants, the City of Athens, Texas, D. D. Williams, Mack Adams, N. D. Geddie, Jr., Donald Murphree, Wilma Waddell, Joe Browning and Donald Foster, and their respective successors, officials, officers, agents, representatives, employees and attorneys, be, and each of them hereby is, perpetually enjoined:

"(a) from enforcing or attempting to enforce by suit or otherwise the charging, collecting or observance by Plaintiff of those rates and charges for telephone service prescribed by and set forth in the ordinance enacted by the City Council of the City of Athens, Texas on September 8, 1961, or as prescribed in any other ordinance or resolution heretofore enacted or adopted or presently effective in the City of Athens, Texas or from enforcing or attempting to enforce the provisions of the ordinance enacted by the City Council of the City of Athens, Texas on July 30, 1962;

"(b) from assessing or seeking to enforce against the Plaintiff, its officers, agents or employees, or any of them, any fine or penalty or criminal charge on account of the failure of the Plaintiff to charge and collect only such rates and charges for telephone service as were prescribed by said ordinance of September 8, 1961, or any other ordinance or resolution heretofore enacted or adopted or presently effective in the City of Athens, Texas; and

"(c) from interfering in any way with the Plaintiff in promulgating, charging and collecting fair and reasonable rates and charges for local exchange telephone service in the City of Athens, Texas until such time as Defendants or their successors shall validly prescribe fair and reasonable rates and charges therefor.

"All costs of court are taxed against Defendants, for which let execution issue.

## II.

"And Plaintiff having duly and timely filed its motion for judgment, requesting therein, as further relief, that the Court grant Plaintiff an auxiliary or ancillary temporary injunction pending the outcome of any appeal; and Defendants having called the attention of the Court to the provisions of Article 1174, Texas Revised Civil Statutes, contending that under and by virtue of such statute no supersedeas bond is required of the City of Athens to suspend the efficacy of such judgment pending the outcome of appeal, the Court finds and concludes that (1) the Defendants, pursuant to said Article 1174, may suspend the efficacy of the judgment of this Court pending the outcome of any appeal without filing proper supersedeas bond and (2) that said Article 1174 does not violate Amendment XIV of the Constitution of the United States or Sections 13, 17 and 19, of Article I of the Constitution of the State of Texas; and (3) that such temporary injunctive relief prayed for in such motion should issue but for the reason that the relief would have the effect of denying to the Defendant City its right to supersedeas without supersedeas bond as provided for in said Article 1174.

"It is further ORDERED, ADJUDGED and DECREED by the Court that the efficacy of the permanent injunctive relief granted to Plaintiff herein shall be suspended pending the outcome of any appeal, and Defendants need not file any supersedeas bond, and that the auxiliary or ancillary temporary injunction pending the outcome of any appeal be denied for the reason aforesaid."

This judgment has been appealed to this Court by the City of Athens under the provisions of Article 1174, whereby the City may supersede the judgment without the filing of a supersedeas bond.

It is without dispute that the City did not apply to the Court to have it set the amount of supersedeas bond as required by the Rules of Civil Procedure No. 364, section (e). Instead, the Court suspended the final judgment of the Court pending the outcome of the appeal.

This being an appeal from a final judgment granting a permanent injunction, this Court has some doubt as to the power of the Trial Court to suspend the final judgment during appeal.

The City's right to appeal without filing a supersedeas bond under Article 1174 has been upheld by a number of our Courts. City of Athens v. Evans, Tex.Com.App., 63 S.W.2d 379; City of Wink v. R. B. George Mach. Co., 122 Tex. 613, 63 S.W.2d 849.

The appeal could have been accomplished by an application to have the amount of bond fixed and giving the necessary notice of appeal.

The Supreme Court has held, as follows:

"The Rules of Civil Procedure respecting supersedeas bonds do not authorize superseding or staying of final judgment, but prescribe method of suspending execution of judgment before it becomes final and while appeal is pending. Rules of Civil Procedure, rules 364, 368, 385." Renger v. Jeffrey, 143 Tex. 73, 182 S.W.2d 701.

■ The real office of supersedeas bond is to furnish security to an appellee additional to an appellant's personal responsibility. Universal Automobile Insurance Co. v. Culberson, et al, Tex.Civ.App., 51 S.W.2d 1071.

For the purpose of this opinion, we shall treat the appeal as before this Court on proper supersedeas bond.

We have an application before this Court by the Telephone Company, Appellee, for a writ of temporary injunction, seeking the right to place their rates into effect until the final outcome of this litigation upon their execution of a bond with surety, conditioned that the appellee will repay to the patrons any excess the company might collect over the amount it might be permitted to collect under the judgment of the Court. This application is based on the theory that the rates now being charged are confiscatory as found by the Trial Court, and it will have to abide by these confiscatory rates during the appeal and it will have no way to recover its loss if the judgment of the Trial Court is ultimately affirmed, unless this Court grants the relief prayed for, since rates are made for the future and there is no way to make them retroactive.

In other words, the appellee seeks from this Court the identical relief that has already been held to be in the power of the Trial Court to grant when a rate application is filed and pending on a temporary injunction.

"A temporary injunction will issue against rate-making body when it appears that there is a reasonable probability that the utility will succeed on final hearing, that the loss to utility resulting from refusal to grant temporary injunction will be irreparable, and that customers can be adequately protected by bond." City of Baytown, et al v. General Tel. Co. of the Southwest, Tex.Civ.App., 256 S.W.2d 187.

■ It would seem to be settled that this Court has power to issue writ of injunction to preserve the status quo of parties or to preserve corpus of subject matter of litigation pending appeal. Bird, et al v. Alexander, et al, Tex.Civ.App., 288 S.W. 606; Leonard v. Small, Tex.Civ.App., 28 S.W.2d 826; Antner, et al v. State, Tex.Civ.App., 114 S.W.2d 640.

■ The Telephone Company confesses in its brief that the City will not be liable under the Laws of Texas for the loss to it if the company is forced to provide telephone service under the confisca-

tory rates during this appeal. This being true, the Telephone Company is suffering a loss without a remedy and this should not be permitted in a court of equity. City of Baytown, et al v. General Telephone Co. of the Southwest, Tex.Civ.App., 256 S.W.2d 187.

Under these circumstances, this Court will issue its temporary injunction restraining the City and its officers from enforcing the present rates authorized by the two ordinances involved upon the company filing a bond with the Clerk of the Trial Court in the sum of $100,000.00, condition the same as the one now on file in the Trial Court as reflected in the transcript on pages 58 and 59.