**TEXAS LIQUOR CONTROL BOARD et al., Relators,**

**v.**

**Honorable Herman JONES, Judge, Respondent.**

**No. 11228.**

Court of Civil Appeals of Texas.

Austin.

April 1, 1964.

Rehearings Denied April 29, 1964, May 20, 1964.

Waggoner Carr, Atty. Gen., Howard M. Fender and Brady S. Coleman, Asst. Attys.

Gen., Clark, Thomas, Harris, Denius & Winters, Mary Joe Carroll, Austin, for relators.

R. Dean Moorhead, Austin, for respondent.

PER CURIAM.

This is an original proceeding brought in this Court by the Texas Liquor Control Board, Coke Stevenson, Jr., Administrator of the Texas Liquor Control Act, and Waggoner Carr, Attorney General of Texas, in their official capacities, joined by Harry J. Feldman and Charles B. Feldman, Intervenors, in Consolidated Cause No. 132,400, hereinafter called relators, complaining of the Honorable Herman Jones, Judge of the 53rd District Court of Travis County, Texas and the other respondents,[1] who were plaintiffs in Consolidated Cause No. 132,400 in the 53rd District Court of Travis County, Texas. Relators ask that this Court in the exercise of its original jurisdiction, issue a writ of prohibition and all other necessary and incidental writs prohibiting and restraining the respondents from enforcing a purported extension of a temporary injunction which was issued after a final hearing on the merits and prior to the entry of final judgment on the merits granting a permanent injunction in effect substantially identical with the purported extension of the previously issued temporary injunctions, which by their own terms expired upon the final disposition of the cause on the merits.

The pertinent parts of relators' petition to this Court are as follows:

"Separate petitions were filed in the 53rd District Court of Travis County, Texas, by Respondents, each of which sought declaratory judgment to the effect that House Bill 782 (Acts 1963, 58th Leg., Ch. 108, p. 196, codified as Sub-Section 7(b) of Article 666–15, V.A.P.C., the Texas Liquor Control Act), is unconstitutional and temporary injunction restraining and enjoining the Texas Liquor Control Board, Coke Stevenson, Jr., Administrator of the Texas Liquor Control Act, and their agents, servants, employees, and attorneys from enforcing or attempting to enforce the provisions of that Act against the plaintiffs and each of which further prayed that 'upon trial of this cause on its merits, such temporary injunction should be made a permanent injunction.'

"After a combined hearing on the above noted causes, beginning on September 25, 1963, the trial court in each cause issued an order granting a temporary injunction, each of which specified that said injunction should remain in effect 'pending final disposition of this case on its merits.'

"At the hearing on the merits the five separate causes were formally consolidated under Cause No. 132,400.

"The hearing on the merits in the consolidated cause began on November 7, 1963, and continued from day to day until November 14, 1963, at which time all parties closed.

"On or before December 9, 1963, all parties filed with the trial court written briefs upon the legal questions involved.

"Oral argument of the case was set for and held on December 12, 1963, at which time all parties were represented by counsel.

1. Respondents include: Ammex Warehouse Company, Inc.; Vincente Garza, Jr. and Jorge Garza, d/b/a Vir Warehouse Company; Albert Anzaldua d/b/a Andy's Custom Bonded Warehouse; Francisco C. Gonzalez and Ceasar Salinas, d/b/a G & S Bonded Warehouse; Sam Leland Glass, Sam Glass Pate and Olin Earl Brashear, Jr., partners, d/b/a King Mart Export Company; Alfonso Casso, Raul Casso, Raul Casso, Jr., and Mrs. Alfredo San Martin, partners, d/b/a Border Bonded Warehouse; and Halem Ayoub and Sam Wardy, partners, d/b/a Ayoub & Wardy.

"The trial court announced his decision by letter dated December 17, 1963, addressed to all counsel of record.

"On or about February 6, 1964, the Plaintiff Ammex filed an instrument designated 'Application for Settlement of Form of Final Judgment and Extension of Temporary Injunction.'

"On March 6, 1964, hearing on the above noted motion was held the record of which is submitted.

"After the hearing on the above noted motion was held, other Plaintiffs in consolidated Cause No. 132,400 adopted the Ammex pleading by an instrument filed on March 9, 1964.

"Final judgment in consolidated Cause No. 132,400, styled Ammex Warehouse Company, Inc., et al v. Texas Liquor Control Board, et al was rendered and entered by the 53rd Judicial District Court of Travis County, Texas, on March 9, 1964, granting to the Plaintiffs a permanent injunction.

"Contemporaneously with the signing of said final judgment and the granting of said permanent injunction, notice of appeal to this Honorable Court was given by the Texas Liquor Control Board and its members and administrator and by the Intervenors herein.

"On March 9, 1964, the same day on which final judgment was entered, the trial court also entered an instrument designated 'Order Modifying and Extending Temporary Injunction.'

"Comparison of the final judgment with the so-called order modifying and extending temporary injunction reveals that the restraining provisions are substantially identical in each instrument, the major difference being that by the final judgment Defendants are 'permanently enjoined,' while the invalid extension of the temporary injunction purports to restrain and enjoin Defendants 'pending final determination of this consolidated cause on the merits by the highest appellate court to which the judgment on the merits may be appealed by any of the parties.' The so-called order modifying and extending the temporary injunction further specifies that 'this temporary injunction shall not merge with any injunctive relief which might be granted by the court in the judgment which will be hereafter entered on the merits of this case, but shall at all times, until final determination of this cause by the court of last resort, remain separate and distinct therefrom' and that appeal 'shall not have the effect of suspending such injunction.' The originally issued temporary injunctions by their own terms were effective only until 'final disposition of this case on the merits,' and months before the 'extending' order on the temporary injunction was entered the trial court had announced the nature of the judgment to be entered on the merits.

"After final hearing on the merits, the trial court on the same day and in the same cause has entered two judgments: one granting a permanent injunction and the other granting a temporary injunction. The entry of two final judgments in the same cause, on the same day, is in direct violation of Rule 301, Texas Rules of Civil Procedure, which specified that 'only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law.' The so-called order modifying and extending the temporary injuction is, therefore, void.

"The order modifying and extending the temporary injunction is further void in that it is in defiance of the State's right by appeal to supersede the final judgment of the trial court.

"The order modifying and extending the temporary injunction is further

void in that it attempts to prevent supersedeas (a proceeding at law) in violation of Article 4645, V.A.C.S., which specifies that 'no injunction shall be granted to stay any judgment or proceeding at law, except so much of the recovery or cause of action as complainant shall in his petition show himself equitably entitled to be relieved against and so much as will cover the costs.'

"The notice of appeal given by the Texas Liquor Control Board, et al had the effect of superseding the final judgment of the 53rd District Court of Travis County, Texas, in Cause No. 132,400, and vesting in this Honorable Court exclusive jurisdiction over all the subject matter and all of the issues and relief requested in said Cause No. 132,400, and the attempt to change and extend the duration of the previously issued temporary injunctions has the effect of interfering with the proper jurisdiction and with the proper exercise of the jurisdiction of this Honorable Court and has the effect of preventing lawful supersedeas by the Texas Liquor Control Board of the final judgment entered by the 53rd District Court and for those reasons is null and void.

"As is shown by the application for settlement of form of final judgment and extension of temporary injunction Respondents were not asking for reformation of the final judgment granting the permanent injunction but instead were asking for a hearing on a temporary injunction after final judgment granting permanent injunction had been announced.

"The basic case here involves federal constitutional questions and may reasonably be expected to be appealed not only to this Honorable Court but also to the Supreme Court of Texas and ultimately to the Supreme Court of the United States. The trial court so recognized and, by the order modifying and extending the temporary injunction, has attempted to force his decision to remain in effect not only during appeal to this Court but during the pendency of any appeal which may be taken by any party. If this Court were to refuse the writ of prohibition here applied for and thus, to recognize the right of the trial court to enter a temporary injunction which could not be superseded and which could be forced to remain in effect through final appeal by any part to the highest possible appellate level, such action would give far greater weight to a temporary injunction than to the permanent injunction. Not only this Court but the Supreme Court of Texas also would be denied of its rightful jurisdiction over the cause."

The factual averments in this pleading as to the record of proceedings in the Trial Court are not in dispute.

Respondents contend that unless restrained by some court, relators will destroy their businesses pending appeal, notwithstanding the favorable judgment which respondents received in the trial court. That relators are immune from any suit by respondents for damages resulting from the destruction of their businesses, and if the State is not required to file a bond in order to supersede a judgment they have no remedy except by injunction.

We hold that this case is controlled by our holding in Railroad Commission of Texas v. Roberts, Tex.Civ.App., 332 S.W. 2d 745.

■ The effect of notice of appeal by and on behalf of the relators was to supersede the final judgment entered by the court below. Rule 368, Texas Rules of Civil Procedure, Arts. 2276 and 279a, Vernon's Ann.Civ.St., 3 Tex.Jur.2d, Appeal and Error, 354, p. 612.

In the Roberts case we quoted from Cisco Independent School Dist. v. Dudley,

53 S.W.2d 639, wherein an application was made to the Eastland Court of Civil Appeals to issue a mandatory injunction to compel certain parties to immediately carry out the commands of a District Court judgment, it being alleged that:

> "Such relief is sought 'so that the jurisdiction of this court may be preserved and the subject matter of this suit not destroyed,' and thus 'prevent final rendition of judgment in this cause from being a vain and useless thing.' "

The judgment referred to was superseded and the court in denying the relief sought stated:

> "* * * the lawmaking power of this state has provided definite ways of appeal 'from every final judgment of the district court in civil cases,' and, where the appellant or appellants, as in this case, comply with the statutes, the trial court has no say, discretionary or otherwise, and neither does this court; that is, the effect of the supersedeas bond is 'to suspend the execution of the judgment,' and that without let or hinderance from the trial or appellate court."

We quote further from our opinion in the Roberts case:

> "In Wolf v. Young, 275 S.W.2d 741, 743, the San Antonio Court of Civil Appeals, in discussing Article 1823, V.A.C.S., said:
>
> " 'Under Article 1823, our jurisdiction to issue an original writ of injunction is limited to the preserving of the jurisdiction of this Court. We have no jurisdiction to issue an original writ to prevent damage to a litigant pending appeal.'
>
> "In view of these authorities, we are convinced that the effect of the temporary restraining order issued on February 8, 1960 was to deny to the Railroad Commission its rights accorded it by the statutes of this State to supersede the judgment of February 3rd and that such rights are the proper subject of protection by this Court as ancillary to the appeal from the final judgment of February 3, 1960, and that under Article 1823 which authorizes this Court to issue writs necessary to protect its jurisdiction that the writ of prohibition for which the relator prays should be awarded."

Respondents cite our opinion in Victory Truck Line, Inc. v. Railroad Commission, Tex.Civ.App., 207 S.W.2d 210, writ ref., n. r. e., as holding that a temporary injunction may be prolonged beyond the date of final judgment in the cause and in this regard say: "If, as counsel for Relators now argue, it is somehow, in some unexplained way impossible for a temporary injunction to be extended and to have vitality beyond the date of entry of final judgment, how do they explain what happened in Victory Truck Lines, as reflected by the opinion of this Court herein?" Victory was an appeal from an interlocutory order denying a temporary injunction in which the Trial Court granted to a date certain, and this Court continued in effect a temporary restraining order pending disposition of the appeal in this Court. The opinion does not reflect that a final judgment on the merits had been rendered by the Trial Court before our decision was announced. If such fact had been made known to this Court we undoubtedly would have done what Courts usually take relish in doing and would have dismissed the appeal from the order refusing the temporary injunction as moot. On this point we quote from International Association of Machinists, Local Union No. 1488 v. Federated Association of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282, as follows:

> "While the trial court lost jurisdiction of the temporary injunction when the appeal therefrom was duly perfected, it did not lose jurisdiction of the main case then pending in that

court. It acted well within its powers in dismissing the cause upon motion of defendants in error. Since the temporary injunction by its terms, and by operation of law as well, could not continue in force after the main case was finally disposed of, the effect of the order of the trial court dismissing the main case was to terminate such injunction. The whole basis upon which it rested was removed and it automatically ceased to exist. The case before this court, that is to say, the temporary injunction case, has therefore become moot. No temporary injunction exists, and it follows that the question of whether it was rightfully issued is but an abstract question of law with which this court will not deal."

The Victory case is without semblance of authority here. Only a temporary order was there before this Court. There was no supersedeas. The Trial Court made no pretense of impinging upon our jurisdiction. There is no similarity between the two cases.

The holding in Association of Machinists, supra, also completely refutes the attempt of respondents to effectively distinguish this case from Roberts on the ground that there the ancillary injunction was granted *after* rendition of final judgment while here it was granted *before* final judgment.

█ When final judgment was entered in this case the interlocutory injunction previously granted by the Trial Judge ceased to exist by operation of law, a result the Trial Court was powerless to prevent or resist. His attempt to do so is utterly void and of no force and effect. If the interlocutory injunction is still in effect, as Respondents assert, then there is no final judgment. All parties concede that a final judgment has been rendered. A final judgment must dispose of all issues and parties, otherwise it is not a final judgment.

Respondents do cite one case which is inconsistent with our opinion in Roberts, supra, towit: City of Athens v. Gulf States Telephone Company, 374 S.W.2d 757, Tyler Civil Appeals, no writ history. In that case the Court of Civil Appeals granted an injunction to permit the enforcement of a final judgment enjoining the enforcement of rate ordinances of the City even though such judgment had been superseded by the City. Since the effect of that opinion is to disregard and nullify statutes of this State and is in conflict with our opinion in Roberts and the authorities therein cited and herein, we respectfully decline to follow such decision.

█ The writ of prohibition as prayed for is granted, however, since we have no doubt that the Honorable Trial Judge will abide by this opinion and our judgment the clerk is directed not to issue a formal writ of prohibition for service.

Writ of Prohibition Granted.

## ON MOTIONS FOR REHEARING

Respondents in Cause No. 11,228, other than Judge Jones, in their motion say:

> "This Court is not correct in holding that the temporary injunction granted by the trial court 'ceased to exist by operation of law.' The Court does not refer to what law it has in mind. It must not be the law of Texas for the Supreme Court of this State has stated the law on that question in Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14 (1902) and in Fort Worth St. Ry. Co. v. Rosedale St. Ry. Co., 68 Tex. 163, 7 S.W. 381 (1887). This Court is ordinarily bound to follow the law as expressed by our Supreme Court and to overlook doing so is error."

The cases cited limit the decision in Williams v. Pouns, 48 Tex. 141, where the Court held that an injunction in force when a final judgment dissolving it was entered, remained in force while the judgment was

suspended by an appeal under a supersedeas bond.

Regarding the rule of this case the Court in Rosedale St. Ry. Co., supra held it inapplicable to temporary restraining orders and stated:

> "The rule that an appeal from a final judgment dissolving an injunction will continue it in force in cases in which the only relief sought is an injunction, may often operate harshly, if not oppressively; and we are of the opinion that it ought not to be so extended as to reach cases other than those to which it has been applied in this state."

In the case here the injunction in force when final judgment was rendered was not *dissolved* by such final judgment, it was perpetuated by it.

The opinion in Pouns gives utmost and drastic effect to supersedeas; the Trial Court here went to the opposite extreme and denied it any effect. When the final judgment which granted a permanent injunction was superseded, the previous prohibiting decree of the same import by whatever name it may be called, was effaced.

We additionally cite in support of our decision herein the case of Kimbrough v. State, 139 S.W.2d 165, Eastland Civil Appeals. This was an original contempt proceeding in which it appeared that a temporary injunction had been issued by the Trial Court, then on final trial a permanent injunction was issued which was to the same effect as the temporary injunction. An appeal was taken and supersedeas given. The Appellate Court held that there was no contempt since the supersedeas prevented enforcement of the judgment pending appeal. As to the effect of the temporary injunction the Court said:

> "But, even if it were contended that this court should entertain the contempt proceeding upon the ground that, under the authorities above mentioned, the superseding of the final judgment leaves in effect the temporary injunction, we are, nevertheless, of the opinion that we are not authorized to do so. If it be considered that there may be circumstances under which the subject matter of a temporary injunction and a permanent injunction awarded by the final judgment in the same case may properly be the same, saving only in the time of operation, still we think in such case the temporary injunction must be considered to have been merged in the permanent injunction. Otherwise, the right given by R.S.1925, Arts. 2270 and 2275, to supersede a judgment from which an appeal is prosecuted may be completely defeated. When a court, by its judgment in a trial upon the merits, decrees the same injunction previously and provisionally existing as a temporary injunction, there remains no function of the temporary injunction not equally as well performed by the permanent injunction. 'The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged.' * * *
>
> "There was no appeal from the temporary injunction and we have adverted to the law governing same only by way of a reason supporting our conclusion that a temporary injunction of identical nature and effect as the permanent injunction should be held not to so operate as in practical effect to defeat the right of an appealing party to supersede the judgment from which the appeal is prosecuted."

The contrary opinion of this Court in Ford v. State, Tex.Civ.App., 209 S.W. 490, original proceeding, was discussed and, in our opinion, properly disregarded. The San Antonio Court of Civil Appeals in Ross v. State, ex rel. Shook, 97 S.W.2d

505, original proceedings, refused to follow Ford, saying of it:

> "But, even if the decision in that case supports the state's contention in this case, it is, nevertheless, contrary to the great weight of authority in this state, and has never been followed in any authoritative case that has come to our attention."

With reference to the immunity of the State and its agencies from the necessity of giving a supersedeas bond in order to supersede a judgment appealed by the State or its agencies we hold, independent of any previous authority, that such right is plainly given by Arts. 2276 and 279a, V.A.T.S. The first Article provides, in part, that "Neither the State * * * nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal * * * taken by it * * * in any civil case." Art. 279a provides, in part, that "Neither the State * * * nor any state department, nor the head of any state department * * * shall be required to give *any* bond incident to any suit filed by any such agency, official * * * for costs of court or for any appeal * * * taken out by it or either of them * * *." Italics added.

These statutes, in our opinion, plainly provide that the State and its agencies and department heads shall not be required to give *any* bond on any appeal which they may take. A supersedeas bond is a bond given or which may be given on appeal. It, therefore, need not be given by those to whom the statutes refer.

See in support of our denial of leave to file an application for injunctive relief, City of Groves v. Port Arthur Independent School District, 364 S.W.2d 448, Beaumont Civil Appeals, original proceeding.

The Motions for Rehearing are overruled.