**ANDY MACHINERY COMPANY, INC., Appellant,**

v.

**Bernie HOFSTADTER and R.K. Strahan, Appellees.**

No. 13–86–152–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 13, 1986.

Rehearing Denied Dec. 4, 1986.

---

Roy S. Dale, O'Leary, Dale & Malany, Brownsville, for appellant.

Russell Wasley, Jesse R. Pierce, Houston, Glen A. Barnard, Harlingen, for appellees.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

By two points of error, appellant challenges a judgment requiring it to pay $13,000 to R.K. Strahan to recover possession of certain jewelry. The court also ordered Bernie Hofstadter to pay appellant $13,000 in actual damages and $10,000 in exemplary damages and assessed all costs against Hofstadter. Strahan has filed an appellate brief, but Hofstadter has not. We affirm.

According to the record, appellant used the jewelry as security for a loan at Alamo Bank. The bank permitted the jewelry to be shown to prospective buyers. Appellant allowed Hofstadter to show the jewelry. According to Michael Furgatch, vice president of Andy Machinery, Hofstadter was to obtain offers, but had no authority to make a sale. However, Hofstadter took the jewelry to Houston and sold it to Strahan for $13,000.

Appellant sued for conversion. At trial, it attempted to show the value of the jewelry at the time of the conversion but was only able to show $13,000, Strahan's valuation and the amount he paid. Appellant attempted to introduce appraisals made by a jewelry company for the bank. Since Hofstadter had signed the appraisals when he received the jewelry, they were admitted for the limited purpose of showing that Hofstadter received jewelry that was pledged to the bank. However, the appraisals were disallowed as evidence of the values of the items, because they were hearsay to Strahan. Appellant attempted to establish the values of the items by the testimony of a retail jeweler. The jeweler was given the items to examine on the witness stand. However, he was unable to determine whether the stones were genuine and the quality of the stones and metals without his equipment. Using the descriptions on the appraisals, which again were hearsay, he was able to give a retail price for each item, but he did not give a price for the sale of the items as a lot. Since appellant failed to prove the value for which he pled, he elected to take the jewelry itself. Strahan, in Defendant's First Amended Original Answer, pled for the money he paid for the jewelry in equity if the court permitted recovery of the jewelry.

Appellant's point one complains that the court's judgment required it to pay $13,000 to Strahan, contending that Strahan obtained no title.

A court of equity should not permit a loss without a remedy. *City of Athens v. Gulf States Telephone Co.,* 374 S.W.2d 757, 761 (Tex.Civ.App.—Tyler 1964, no writ). Similarly, equity seeks to prevent unjust enrichment. *City of Houston v. Howe & Wise,* 373 S.W.2d 781, 789 (Tex. Civ.App.—Houston 1964, writ ref'd n.r.e.). In this case, the judge found that Hofstadter represented himself to be the owner of the jewelry, and that Strahan bought it in good faith for valuable consideration. The judgment ensures that Strahan will not suffer a loss. Since appellant entrusted the jewelry to Hofstadter, it is up to appellant to collect the $13,000 from him, and it can also collect exemplary damages from Hofstadter. We overrule point one.

■ By point two, appellant argues that the court erred in denying exemplary damages against Strahan, claiming to have shown that Strahan's behavior was "wanton and malicious."

A Court of Appeals will uphold a trial court's findings unless they are manifestly erroneous and without any evidence to support them or are so against the great weight and preponderance as to be manifestly wrong. *Hinojosa v. Castellow Chevrolet Oldsmobile, Inc.,* 678 S.W.2d 707, 713 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The duty of the appellate court is to review the evidence as presented. We may not substitute our judgment for that of the trier of facts, whether judge or jury. *Gomez v. Franco,* 677 S.W.2d 231, 236 (Tex.App.—Corpus Christi 1984, no writ).

The trial court found that Strahan had no notice or knowledge of any claim of ownership to the jewelry and that he bought it in good faith. Strahan testified that Hofstadter gave a plausible account of his ownership, that he paid $13,000 for the jewelry, that he was interested in it for the diamonds, and that $13,000 was its value to him. We overrule point two.

We AFFIRM the judgment of the trial court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

On rehearing, appellant urges that the Court should not have affirmed the portion of the judgment requiring it to reimburse Strahan. Appellant cites the principle that "one who purchases stolen property from a thief, no matter how innocently, acquires no title in the property; title remains in the owner." *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 216 (Tex.App.—Houston [14th Dist.] 1984, no writ). Appellant asserts that we are requiring a rightful owner to reimburse one who has purchases from a thief.

■ We have no quarrel with the law appellant cites. However, appellant has failed to demonstrate its applicability to this case. Although appellant pled ownership, our inspection of the record shows no evidence that it is or was the owner at the time Hofstadter converted the jewelry, or at the time of trial. The record supports, at best, that appellant was a conduit through which Hofstadter obtained possession.

Appellant had the burden to prove its ownership of the jewelry to recover for conversion. *Branham v. Prewitt,* 636 S.W.2d 507, 512 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *Groves v. Hanks,* 546 S.W.2d 638, 647–48 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The evidence of ownership indicated that the jewelry was pledged to Alamo Bank, a nonparty, as collateral for a loan. Alamo Bank thus had the right of possession. The appraisals were made for Alamo Bank, and declare the jewelry the property of Alamo Bank. No evidence explains why the jewelry was offered for sale or whether appellant repaid the loan. The evidence is that the bank allowed appellant to show the jewelry, and that appellant allowed Hofstadter to show it.

In spite of the lack of evidence of appellant's right to possess the jewelry, Stahan did not ask for a reversal on appeal, but only for affirmance of a judgment which reimbursed him. Because of appellant's failure to carry its burden, it can hardly

complain of the trial court's resort to equity. We OVERRULE appellant's motion for rehearing.