MOTE RESOURCES, INC., et al., Relators,

v.

RAILROAD COMMISSION OF TEXAS, et al., Respondents.

No. 13490.

Court of Civil Appeals of Texas, Austin.

June 17, 1981.

C. C. Small, Small, Craig & Werkenthin, Austin, for relators.

Mark White, Atty. Gen., Ralph T. Aldave, Asst. Atty. Gen., Austin, for Railroad Commission.

Frank Douglass, Lloyd Broussard, Scott, Douglass & Keeton, Austin, for Mitchell Energy Corp., Enserch Exploration, Inc., Dallas Production, Inc., and American Trading & Production Corp.

Philip F. Patman, Patman & Patman, Austin, for Grace Petroleum Corp., respondents.

SHANNON, Justice.

This is an original proceeding filed in this Court by relators Mote Resources, Inc.,

878

Twin Montana, Inc., Sabio Oil & Gas, Inc., Coke L. Gage, C. L. Gage, Jr., Reuben B. Knight, Richey Exploration Company, Richey Drilling Company, Ryder Scott Oil Company, Decatur Glass Works, Seely Oil Company, League Oil and Gas Company, and Wolfson Oil Company, requesting this Court to enjoin respondent Railroad Commission of Texas from enforcing Rule 3 of the order of the Commission dated October 20, 1980, and entered in Oil & Gas Docket No. 9–72,922, pending the disposition by this Court of an appeal perfected to this Court. That appeal was perfected by the Commission and respondents, Mitchell Energy Corporation, Enserch Exploration, Inc., Dallas Production, Inc., American Trading & Production Corporation, and Grace Petroleum Corporation, from a judgment of the district court of Travis County setting aside Rule 3 of the Commission's order in Docket No. 9–72,922.

The Commission entered its final order in Docket No. 9–72,922 on October 20, 1980. Rule 3 of the order purports to prorate gas produced from wells in the Boonsville Field in Wise, Jack, Parker, and Denton Counties, Texas, effective December 1, 1980. Relators, herein, filed an administrative appeal from the order of the Commission to the district court of Travis County. On April 17, 1981, a final judgment was rendered to the effect that the Commission was without statutory authority to adopt Rule 3 under the circumstances obtaining in the Boonsville Field. The district court judgment set aside Rule 3 of the Commission's order.

The Commission perfected an appeal to this Court by filing notice of appeal, thereby superseding the judgment of the district court. On April 28, 1981, relators filed with the Clerk of this Court their motion for leave to file this original proceeding. This Court granted leave to file and heard oral argument on May 15, 1981. Relators requested immediate injunctive relief from this Court pending the disposition of the perfected appeal in order to protect the jurisdiction of this Court.

It was shown that the Boonsville Field is characterized by numerous pockets of natural gas, most of which are in free communication with each other due to previous oil

and gas operations. The result of such communication is that the many wells in the field take from a common source. It was also shown that if Rule 3 is enforced pending appeal, relators will probably be deprived of the opportunity to produce an aggregate of 143,000,000 cubic feet of natural gas per month during the pendency of the appeal. Lastly, it was stated in oral argument that most of the wells presently produce at capacity, though the Commission has recently directed that a well belonging to one relator be limited to 50% of capacity. Relators fear that other wells produced by them will be similarly restricted pending appeal.

Relators argue that in the event no injunction issues, and they prevail on the merits of respondents' appeal, nevertheless, their victory will be illusory and the judgment of this Court ineffective because the practical benefit of such a judgment would have been in a substantial part destroyed in the meantime by the Commission's prohibiting their production of natural gas during the appeal. This is so, relators claim, because their wells may each produce only a finite amount of natural gas from the common source. Under the common law they have a property right to capture as large a quantity of such natural gas as the natural conditions and their ability, effort and resources would permit, in competition with other producers drawing from the same source and operating with the same freedom. Except for the enforcement of Rule 3, relators would be free to exercise this common-law right of property.

Respondents argue that the question of the validity of Rule 3 is the subject matter of their appeal, and no injunction is required to protect that question from becoming moot. This Court does not agree.

A Court of Civil Appeals may issue such writs as are necessary to protect its jurisdiction by preserving the subject matter of the lawsuit pending a hearing in the appeal. Tex.Rev.Civ.Stat.Ann. art. 1823; *Madison v. Martinez*, 42 S.W.2d 84 (Tex.Civ.App.1931, writ ref'd). Respondents confuse the legal question on appeal

with the legal right at issue. While jurisdiction of this Court is exercised in the language and context of legal propositions, and we are called upon to answer legal questions, the objects of litigation and the exercise of our jurisdiction are legal rights and the exercise of those rights. The answering of legal questions is only a means to an end, and is not the subject matter of an appeal. In this case, the right of property at issue, and the subject matter of the appeal, is the relators' right of capture which exists under the common law and continues undiminished until circumscribed by a valid exercise of the State's police power. This Court will issue the injunction to preserve for adjudication and practical enjoyment this common-law right in the event we finally decide that Rule 3 is invalid. We base our opinion upon the following.

If Rule 3 is finally adjudged invalid, but is implemented in the meantime to restrict production from relators' wells, our final judgment will pronounce merely an advisory opinion with respect to the months intervening between the time respondents' appeal was perfected and the time of our final judgment.[1] There exists no means by which this Court, or the Commission, could compensate relators for what would have been the State's unlawful interference with relators' common-law right of capture during such period, and compensate them for whatever may have been the practical value of their right to operate under that common-law rule, in terms of the extra increment of natural gas they could have produced or the drainage they could have avoided in favor of competing wells, during the period of the appeal. Because there is a finite quantity of natural gas available from each of relators' wells, from a source tapped by competing wells, a postponement in the exercise of relators' legal right is tantamount to a destruction of that right for the length of the postponement. The value of the right is substantial in view of the production figures mentioned above.

On the other hand, if Rule 3 is finally adjudged valid, the proper judgment can unquestionably be made effective. The effect of such a judgment will be to affirm the validity of the Legislature's grant of power to the Commission to supplant the common law and to regulate production from all the wells in the field, under Rule 3, so as to adjust correlative rights in the common source and to prevent waste. Rule 3, under such a judgment, will have been held valid *ab initio*, and the Commission would have the power after judgment to adjust future production from all the wells in the field so as to protect correlative rights of all the producers by eventually permitting total production from each well equivalent to what would have been produced had our injunction never issued.

Respondents argue, finally, that in those cases in which the State has superseded the judgment of the district court by filing notice of appeal, a Court of Civil Appeals has no authority under Tex.Rev.Civ.Stat. Ann. art. 1823, to enter an injunction to protect its jurisdiction by preserving the subject matter of the lawsuit pending a hearing in the appeal. Respondents rely upon two opinions of this Court, among others, for that proposition. *Railroad Comm'n of Texas v. Roberts*, 332 S.W.2d 745 (Tex.Civ.App.1960, no writ); *Texas Liquor Control Board v. Jones*, 378 S.W.2d 898 (Tex.Civ.App.1964, no writ). Those cases do not support respondents' argument. *Jones* relies primarily upon *Roberts*. In *Roberts*, the district court entered a final judgment setting aside an agency order. The agency superseded the judgment by filing a notice of appeal. The prevailing party then returned to district court and obtained injunctive relief restraining the agency from acting contrary to the final order of the district court. The agency then applied to the Court of Civil Appeals for a writ of prohibition. The Court properly held that once the district court had rendered a final judgment, it was powerless, thereafter, to enter ancillary orders restraining the agency

1. Such a judgment would, of course, be effective *in futuro*, that is, as to relators' right to produce under the common-law rule after entry of our judgment.

from acting contrary to the district court's final judgment. Such ancillary orders denied the agency its right to supersede the district court's judgment. The Court was of the view that the ancillary orders of the district court interfered with the jurisdiction of the Court of Civil Appeals and issued a writ of prohibition pursuant to art. 1823.

■ The proposition that the State, by filing a notice of appeal, deprives a Court of Civil Appeals of authority to enter orders to protect its jurisdiction pursuant to art. 1823 was not involved in *Roberts* and *Jones*, and is not a valid position.

■ No bond is required of relators as a condition to the issuance of this injunction, as it is issued under authority of art. 1823, for the purpose of protecting the jurisdiction of this Court. *Nelson v. Blanco Independent School District*, 386 S.W.2d 636 (Tex.Civ.App.1965, writ ref'd n.r.e.).

Nothing done or written herein should be taken or construed as an expression of opinion by this Court upon the merits of the appeal.

The Railroad Commission is enjoined from enforcing, as to relators, Rule 3 of the order dated October 20, 1980, in Oil & Gas Docket No. 9–72,922, pending the disposition by this Court of the pending appeal on the merits.

This Court is confident that the Railroad Commission of Texas will abide by this opinion and judgment, and for that reason the Clerk of this Court is directed not to issue a formal writ of injunction for service.

Injunction Granted.

PHILLIPS, C. J., not sitting.