IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-533-CV





ROBERT DREW,



 RELATOR


vs.





TEXAS BOARD OF PARDONS & PAROLES; ITS CHAIR, JACK KYLE; ITS BOARD

MEMBERS, IRMA CAULEY, KENNETH COLEMAN, BENNIE ELMORE, JOHN
ESCOBEDO, ALBERT SANCHEZ, MAE JACKSON, TERRIE SCHNORRENBERG, WINONA
MILES, DANIEL DOWNS, PAUL PREJEAN, MARY LEAL, HENRY KEENE, IRIS
LAWRENCE, TROY FOX, HUB BECHTOL, AND GILBERT RODRIGUEZ; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE; AND ITS EXECUTIVE DIRECTOR, JAMES
LYNAUGH


 RESPONDENTS


 




ORIGINAL PROCEEDING FROM TRAVIS COUNTY







 



ORDER GRANTING TEMPORARY INJUNCTION



PER CURIAM



 Relator Robert Drew has filed this original proceeding in this Court requesting this
Court to enjoin respondents the Board of Pardons and Paroles, its chair and members, the Texas
Department of Criminal Justice, and its executive director (1) (collectively "Board") from proceeding
with his execution scheduled for October 14, 1993. See Tex. Gov't Code Ann. § 22.221(a); Tex.
R. App. P. 121. Drew has appealed from a judgment of the district court of Travis County
denying his request for declaratory and injunctive relief and a writ of mandamus against the
Board. For the limited purpose of protecting this Court's jurisdiction while we consider the
appeal on the merits we will grant the motion for leave to file petition for writ of injunction and
will grant the request for injunctive relief. Our ruling today should not be construed as any
indication of how this Court will ultimately decide this appeal. We act only to give us sufficient
time to perform our basic constitutional and statutory duty of reviewing trial-court decisions.

 Drew filed an action for declaratory and injunctive relief and for writ of mandmaus
against the Board contending that the Board's failure to hold a full administrative hearing on his
post-conviction claim of innocence violates due course of law provisions of the Texas constitution. 
See Tex. Const. art. I, §§ 13, 29. Drew was convicted of capital murder in the district court of
Harris County; the Court of Criminal Appeals affirmed the judgment of conviction. Drew v.
State, 743 S.W.2d 207 (Tex. Cr. App. 1987). The district court of Harris County has set Drew's
execution for October 14, 1993.

 After a hearing, the district court of Travis County rendered its order denying
Drew's petition for injunctive relief and declaratory relief and for writ of mandamus. On October
13, 1993, Drew perfected his appeal by filing an affidavit of inability to pay the costs of appeal
or to give security therefor with the district clerk of Travis County. See Tex. Civ. Prac. & Rem.
Code § 51.012 (West 1986); Tex. R. App. P. 40(a)(3).

 An appellate court may issue writs as necessary to enforce its jurisdiction by
preserving the subject matter of the lawsuit pending consideration of the merits of the appeal. 
Tex. Gov't Code Ann. § 22.221(a) (west 1988); Mote Resources, Inc. v. railroad Comm'n, 618
S.W.2d 877, 878-79 (Tex. App.--Austin 1981, orig. proceeding); Nelson v. Blanco Indep. Sch.
Dist., 386 S.W.2d 636, 637 (Tex. App.--Austin 1965, orig. proceeding). Clearly, to proceed with
the execution as scheduled would affect the parties' right pending the disposition of the appeal
from the district-court order and would destroy the subject matter of the lawsuit. See Mote
Resources, Inc., 618 S.W.2d at 879. Because to do so would interfere with this Court's
jurisdiction over the appeal, we grant the request for relief.

 Accordingly, respondents Texas Board of Pardons and Paroles, its chair Jack Kyle,
its members Irma Cauley, Kenneth Coleman, Bennie Elmore, John Escobedo, Albert Sanchez,
Mae Jackson, terrie Schnorrenberg, Winona Miles, Daniel Downs, Paul Prejean, Mary Leal
Henry Keene, Iris Lawrence, Troy Fox, Hub Bechtol and Gilbert Rodriguez; the Texas
Department of Criminal Justice; and its executive director James Lynaugh; and their agents,
employees, officers, representatives, and all these acting in concert with them are hereby enjoined
from proceeding with he execution of Robert Drew scheduled for October 14, 1993, until this
Court's final disposition of the appeal from the order of the district court of Travis County. No
bond is required of Drew. Mote Resources, Inc., 618 S.W.2d at 880; Nelson, 386 S.W.2d at 637

 Nothing done hereby or written herein should be construed as an expression of
opinion by this Court upon the merits of the underlying appeal.

 It is so ordered this 13th day of October 1993.


Before Chief Justice Carroll/Justices Powers, Jones and Kidd

Order Granting Temporary Injunction

Do Not Publish 
1. [1] Respondents are the Texas Board of Pardons and Paroles; its chair, Jack Kyle; its members,
Irma Cauley, Kenneth Coleman, Bennie Elmore, John Escobedo, Albert Sanchez, Mae Jackson,
terrie Schnorrenberg, Winona Miles, Danile Downs, Paul Prejean, mary Leal, Henry Keene, Iris
Lawrence, Trou Fox, Hub Bechtol, and Gilbert Rodriguez; the Texas Department of Criminal
Justice; and its executive director, James Lynaugh.