ACCEPTED
03-15-00657-CV
11226023
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 11:40:07 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00657-CV

# In the Court of Appeals
# for the Third Judicial District
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 11:40:07 AM
JEFFREY D. KYLE
Clerk

CHRIS TRAYLOR, AS EXECUTIVE COMMISSIONER OF THE
TEXAS HEALTH AND HUMAN SERVICES COMMISSION, ET AL.,

*Appellants*,

*v.*

DIANA D., AS NEXT FRIEND OF KD, A CHILD, ET AL.,

*Appellees.*

On Appeal from the
200th Judicial District Court, Travis County

## APPELLANTS' RESPONSE TO APPELLEES' "EMERGENCY MOTION FOR WRIT OF ENFORCEMENT"

TO THE HONORABLE THIRD COURT OF APPEALS:

As the Commission has repeatedly pointed out, plaintiffs seek to win this case, and avoid the impact of Medicaid spending cuts mandated by the Legislature, by drawing out the appellate process and avoiding application of the statutes until the end of the current biennium. The Commission challenged the district court's issuance of a counter-supersedeas order on this ground, among others. In its opinion rejecting plaintiffs' legal theory, this Court declared the Commission's Rule 24 challenge to counter-supersedeas

to be moot. The Commission has understood that decision to mean that the temporary injunction is now superseded under the automatic suspension effected by its notice of appeal. If the Court determines that the vacatur of the counter-supersedeas did not occur at the time of the issuance of the opinion and had to wait till the mandate issued, the Commission asks for a ruling to that effect so that it can immediately file a writ of mandamus on the supersedeas issue (which is, by rule, independent of the appellate judgment) in the Texas Supreme Court, so that it can obtain emergency relief and avoid spending more than approximately $4,167,000 per month that the Legislature never intended be spent.

## Summary of the Argument

There is no basis for a motion to enforce to be filed in either the district court or this court, because the panel's opinion put the Commission's supersedeas of the temporary injunction order back in place. The proper next step is for plaintiffs to seek mandamus relief in the Supreme Court regarding the panel's vacatur of their counter-supersedeas, when it dismissed the challenge to the counter-supersedeas as moot.

Putting aside the supersedeas issues, the motion for "emergency enforcement" should be denied, because the underlying motion for contempt was filed in the wrong court. The plain text of the rules, and this Court's precedent, contemplate the filing of a motion for contempt *in the court of appeals* to trigger a referral request. TEX. R. APP. P. 29.4. Because the motion

2

was filed in the wrong forum, the Court should summarily deny the relief requested.

Even assuming the referral request were procedurally sound, it should be denied because (1) there is no issue of fact and this Court is best suited to determine the relevant issues of law and (2) the vacatur of the counter-supersedeas evidenced an intent that the panel's opinion go into effect immediately. Denial of the motion is all the more appropriate, because the district court could not grant plaintiffs the relief they seek without violating the general standards of law announced in the Court's opinion, which became binding as law of the case from the moment the opinion issued.

Finally, there is no alternative basis for interim relief under Rule 29.3 or the Court's inherent powers. Rule 29.3 does not allow for a party to seek relief it could otherwise have obtained in supersedeas, TEX. R. APP. P. 29.3, which means that plaintiffs should pursue their remedy under Rule 24.4. And the Court's inherent power extends only to the power to preserve appellate jurisdiction, which would not be impacted by a change to lower reimbursement rates.

## I. PLAINTIFFS ASK THE COURT TO PLACE DECISIONS REGARDING THE APPELLATE PROCESS IN THE DISTRICT COURT.

Plaintiffs' motion asks for several forms of relief, at least one of which is not mentioned in the prayer. While invoking several appellate rules, however, plaintiffs fail to cite the text of the rules or the relevant precedent governing

interim appellate relief.[1] The motion: (1) seeks an order referring enforcement proceedings to the trial court, under Rule 29.4, Motion at 2; (2) asserts, without citation, that parties are entitled to "have their rights preserved until final disposition of the appeal," Motion at 3; (3) suggests that the temporary injunction is, necessarily, enforceable until the mandate issues, Motion at 3-4; (4) seek relief as of right under Rule 29.3, Motion at 4.

Strikingly, plaintiffs fail even to mention the issue of supersedeas, which ought to govern the present enforceability of the temporary injunction. At the time the Court issued its opinion and judgment, the Court dismissed as moot the Commission's Rule 24.4 challenge to the trial court's counter-supersedeas order. In doing so, the Court implicitly (but necessarily) determined that the trial court's counter-supersedeas order was, as of that moment, no longer in effect. Otherwise, the Commission's challenge to the order's validity would not have been moot.

## II. There is No Basis to Enforce the Temporary Injunction, Because it is Currently Superseded.

The Court's decision dismisses the challenge to the counter-supersedeas as moot. *See Traylor v. Diana D.*, No. 03-15-00657-CV, 2016 WL 1639871, at *1 n.1 (Tex. App.—Austin 2016, no pet. h.) (mem. op.). Supersedeas is not

---

[1] Plaintiffs have suggested that the district court has jurisdiction over its contempt motion "notwithstanding the appellate rules." *See* Cover Letter to District Court Alerting it to this Filing, Appendix Tab A. Plaintiffs cite no authority for this proposition, because there is none. This motion should be summarily denied, because it should have been filed pursuant to a motion for contempt filed in this Court, not a spurious motion for contempt filed in the district court contrary to the rules of appellate procedure. *See infra*, Part III.B.1.

part of the judgment, but is challenged through a separate challenge proceeding, that results in a rule-based mandamus in the Texas Supreme Court. *See* TEX. R. APP. P. 24.4. Supersedeas challenges, therefore, cannot be subject to the requirements of mandate issuance, which applies only to the "judgment." TEX. R. APP. P. 18.1. While the dismissal of the Rule 24 motion on mootness grounds necessarily reflects that the vacatur of the temporary injunction was intended to take immediate effect, *see Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 393-94 (Tex. 2009), the temporary injunction is not enforceable because of the principles governing supersedeas, separate and apart from questions regarding the effective date of the judgment regarding the temporary injunction.

The default rule is that suits for injunctive relief are superseded by the State's notice of appeal. *In re State Bd. for Educator Certification*, 452 S.W.3d 802, 804 (Tex. 2014) ("the State's notice of appeal *automatically* suspends enforcement of a judgment"). A superseded injunction cannot be enforced. The supersedeas has been prevented from taking effect only by the counter-supersedeas order, which the State has challenged under Rule 24, separate from its appeal of the other interlocutory orders below. Because the Rule 24 challenge was dismissed as moot in the present tense, *Diana D.*, 2016 WL 1639871, at *1 n.1, the only reasonable reading of the panel's decision is that the counter-supersedeas was dissolved effective upon the issuance of the opinion. At that moment, the Commission's notice of appeal's automatic

supersedeas was reinvigorated. It now supersedes the judgment below, and there is no basis for enforcing the district court's order.

The upshot of the procedural wrangling in this case is that plaintiffs will win everything they ask for—the continuation of higher Medicaid rates through the end of the current biennium and the expenditure of millions of dollars in funds the Legislature did not appropriate—merely through the technicalities of the appellate process. The rules contemplate a fix for this solution: mandamus to the Texas Supreme Court regarding vacatur of the counter-supersedeas order. TEX. R. APP. P. 24.4(a). If plaintiffs wish to reimpose counter-supersedeas and render the temporary injunction enforceable again, they should seek relief in the Supreme Court, not the district court or this Court. In any event, enforcement or non-enforcement of the temporary injunction will not deprive the courts of appellate jurisdiction or deprive plaintiffs of their appellate remedies. *See infra*, Part III.D.

By the same token, if the Court did not intend for its opinion rejecting plaintiffs' claims to have effect during the biennium, but instead intended for plaintiffs to "win by losing," the Commission asks that the Court issue an order denying its Rule 24.4 motion so that the Commission can seek emergency relief in the Supreme Court and prevent further procedural roadblocks to implementing the statutorily-mandated cuts to Medicaid rates for these services. In either event, because interim enforcement of the temporary injunction turns on supersedeas, the next step is in the Supreme Court, not this Court or the district court.

**III. Even assuming the Counter-Supersedeas remains In effect despite being moot, there is No Basis for Appellate Enforcement of the Temporary Injunction, or Any Other Form of Temporary Relief.**

Even assuming the counter-supersedeas remains in place, there is no basis in law for plaintiffs to maintain the effect of the district court's order pending appeal, because (1) the Court's judgment was designed to take effect immediately, (2) these enforcement motions were wrongly filed in the district court, rather than this Court, in contravention of Rule 29.4; and (3) plaintiffs do not qualify for relief under Rule 29.3 or the appellate courts' inherent power to protect appellate jurisdiction.

### A. Footnote 1 Makes the Judgment Immediately Enforceable, Because it Vacates the Counter-Supersedeas as Moot.

As explained above, by stating that Rule 24.4 motion was moot at the time the opinion issued, the panel vacated the countersupersedeas. It also, necessarily, manifested an intent that the coercive power of the judgment below be vacated at the time of the opinion. *See Chemical Lime*, 291 S.W.3d at 393-944. Because the language of footnote 1 presupposes that a change in the status quo occurred at the time the opinion issued—otherwise, the Rule 24.4 challenge, which is on a completely different track of judicial review, would not be mooted until the mandate issued. Thus, at least the portion of the judgment that disallows plaintiffs from maintaining this lawsuit was intended to go into effect contemporaneously with the opinion. This is a different point than articulating that the supersedeas went into effect; the judgment was

7

necessarily immediately affected by the opinion, because otherwise footnote 1 would mean nothing.

This is precisely why Rule 29.4 places the contempt power over interlocutory appeals in the appellate courts. *See* TEX. R. APP. P. 29.4. If they intend their orders to go into effect immediately, the appellate courts are best suited to resolve questions about the timing by which their legal conclusions are implemented. Any motion for enforcement pending interlocutory appeal should have originated in *this Court*, which is best suited to interpret its own view of the law.

## B. Plaintiffs Are Not Procedurally or Substantively Entitled to Invoke Rule 29.4.

Plaintiffs treat their motion as a request to have a hearing in the district court, at which the district court would enforce the temporary injunction in place of this panel. The current filing is improper, because a Rule 29.4 referral has to stem from a motion to enforce filed in this Court; the text of the appellate rules forecloses a motion, like this one, that starts *in the district court* and the proceeds to ask the court of appeals to cure the jurisdictional defect of filing in the wrong forum. *See infra*, Part III.B.1. Nor would a referral be substantively appropriate even if the motion to enforce had been filed in the correct forum. While referral would be permissible in a proceeding where evidence must heard, *see* TEX. R. APP. P. 29.4(a), there is no need for district court proceedings in this case, because there is no dispute issue of fact. *See infra*, Part III.B.2.

**1. To obtain a Rule 29.4 referral order form this Court, plaintiffs would have had to satisfy the filing requirements for contempt before *this* Court.**

Rule 29.4 contemplates that a party move for contempt *in the appellate court* and seek referral to the district court if necessary. *E.g.*, *Victory Cheval Holdings, LLC v. Antolik*, No. 03-15-00464-CV, 2015 WL 5315646, at *1 (Tex. App.—Austin 2015) (per curiam). That reading follows from rule's plain text, which makes enforcement of interlocutory orders a matter primarily of this Court's jurisdiction. Tex. R. App. P. 29.4 ("only the appellate court in which the appeal is pending may enforce the order"); Tex. R. Civ. P. 692 (setting out formal requirements to enforce injunction, which are to be filed "in the court in which such injunction is pending"); *see In re Sheshtawy*, 154 S.W.3d 114, 121 (Tex. 2004) (contrasting Court's enforcement power over interlocutory appeals with supersedeas regime governing enforcement of judgments during appeal). It is procedurally improper to first file a motion for contempt in the trial court, then to seek relief in this Court without first invoking this Court's Rule 29.4 motions. *See IPSecure, Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, at *3 (Tex. App.—San Antonio June 15, 2016, no pet. h.) (mem. op.) (concluding that district court lacked jurisdiction to enforce temporary injunction on original motion, pursuant to rules of appellate procedure 29.4 and 29.5)

Nor can the "Emergency Motion" now at issue qualify as a constructive attempt to seek contempt in this Court. *See Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987) (per curiam) (contempt must be preceded by personal

service on the alleged contemnor of an appropriate show cause order or legally equivalent method of notice); *see also Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (orig. proceeding).

Because plaintiffs have not attempted to invoke this Court's contempt power, they are not entitled to seek a referral to the district court under the plain text of Rule 29.4. Their request for relief is an improper attempt to ask this Court to cure their filing of a contempt motion in the wrong court. The failure to file in the correct court warrants summary denial of the motion.

**2. It would not be necessary to refer even an appropriately-filed contempt proceeding to the district court, because as a matter of law the Commission's alleged actions do not violate the temporary injunction.**

Even if plaintiffs' Rule 29.4 motion were procedurally firm, there is no reason to refer the contempt issue to the district court, because there are no facts to be found, only legal analyses to be made. *See* TEX. R. APP. P. 29.4(a), (b) (describing district court's role as being to "hear evidence" and "make findings"). This Court is entirely capable of determining whether the Commission's actions violate the temporary injunction that the panel has already held was brought by plaintiffs with no standing to sue, based on a non-viable legal theory. Indeed, the district court could not issue any relief consistent with the legal principles articulated in the Court's opinion, because the Court has foreclosed these plaintiffs from seeking judicial relief generally.

Further, the Commission's actions about which plaintiffs complain are not subject to contempt because they are not clearly and unambiguously

within the scope of the temporary injunction. To be enforceable by contempt, an injunction decree must "set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997) (orig. proceeding) (internal quotation marks and citation omitted). The order may not be susceptible to more than one interpretation. *Ex Parte Glover*, 701 S.W.2d 639, 640 (Tex. 1985) (orig. proceeding.

In their contempt motion before the district court, plaintiffs attached only a public-notice document related to the submission of new rates to the federal government. Tab B, Exhibit C; *see also* Tab B at 4 ¶ 5. The temporary injunction expressly allow this action. "This Order does not affect HHSC's ability to seek CMS's approval of the State Plan Amendment." CR.596. [2] Just as plaintiffs' improperly-filed motion for contempt fails to articulate a factual basis for contempt, they could not allege any action falling within the temporary injunction to this Court.

Nor is it a foregone conclusion that the (now reversed and vacated) temporary injunction is currently enforceable, because it is subject to more than one interpretation and, therefore, inconsistent with *Glover*. The order prohibits the Commission from "taking any action to propose or implement

---

[2] State law requires public notice of the intent to file a rate change with the federal government. TEX. HUM. RES. CODE §32.0231. The public notice is, thus, a necessary part of the filing with CMS contemplated by the temporary injunction.

any change in reimbursement rates," while simultaneously providing that the Commission may seek federal approval of rates. CR.596. Because the rates plaintiffs attempt to challenge in this lawsuit have already been deliberated upon, the first and best reading of the injunction is that the additional step of filing with the federal agency does not controvert the injunction. But if the injunction can be read so broadly as to preclude further action on the already completed ratemaking process, it is susceptible of two meanings and, as a result, unenforceable.

## C. Rule 29.4 Proceedings in the District Court Would Be Useless Because the Court is Currently Bound by the Panel's Conclusions of Law, Which Foreclose this Lawsuit in its Entirety.

When an appellate decision reversing a trial court judgment goes into effect, it can preclude the lower court's enforcement of the underlying order regardless of the mandate. *E.g.*, *Flanary v. Wade*, 102 Tex. 63, 66-67, 113 S.W. 8, 10 (1908). This need not always be the rule, but it should be when the court of appeals's legal analysis forecloses the underlying lawsuit. While the judgment and mandate are required to enforce the judgment, the court of appeals's legal reasoning becomes precedential immediately. *See Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex. 1993) (per curiam) (when law is determined during scope of appeal, lower court must render its decision in light of the change in the law).

Likewise, the Court's opinion makes clear that the rates at issue in this lawsuit were arrived at consistent with the relevant rules and statutes. *Diana*

*D.*, 2016 WL 1639871, at \*9-\*11. A temporary injunction cannot be enforced to preclude an act authorized by law. *Villalobos v. Holguin*, 146 Tex. 474, 480, 208 S.W.2d 871, 875 (1948) ("the decree must not be so broad as to enjoin a defendant from activities which are lawful and a proper exercise of his rights"). Accordingly, because the opinion states legal principles that cannot be controverted by the district court, there would be no legal basis for a district court to reach a substantively contrary result. Only *this Court* has power to allow the plaintiffs to prevail on the procedural side of the ledger, when it has conclusively rejected their legal arguments as a matter of law. The rule requiring that interlocutory orders be enforced by the court currently exercising appellate jurisdiction, TEX. R. APP. P. 29.4, makes a lot of sense.

## D. Plaintiffs Have No "Right" to a Particular Level of Medicaid Funding, and So Cannot Obtain Rule 29.3 Relief.

Plaintiffs refer to Rule 29.3, at some points, and repeatedly aver that they are entitled to appellate relief that protects their "rights." *E.g.*, Motion at 4. However, as the Commission explained in its appellate briefing and the Court concluded, there are no "rights" to future levels of reimbursement because Medicaid rates are always subject to being lowered based on the amount of funds appropriated.

Rule 29.3 relief cannot be granted if the same relief could have been obtained by supersedeas in the trial court. TEX. R. APP. P. 29.3. Plaintiffs obtained the very remedy they now seek from this Court in the order granting

counter-supersedeas relief. They are, therefore, precluded from seeking a temporary order in this Court.

But even if plaintiffs had not sought, or could not seek, supersedeas, their request for Rule 29.3 would still necessarily fail. Rule 29.3 places a burden on the movant to make a "clear showing" that a present right has been violated. *Falcon v. Bonanza Capital, Ltd.*, No. 03-12-00132-CV, 2012 WL 1655809, at *1 (Tex. App.—Austin 2012, no pet.) (per curiam). Thus, for example, the Court has issued Rule 29.3 relief to prevent a trial in derogation of an interlocutory appeal regarding an arbitration clause. *EnerVest Operating, LLC v. Molett*, No. 03-11-00823-CV, 2012 WL 1647991, at *1 (Tex. App.—Austin 2012, no pet.) (per curiam). The most common use of the Rule has been to enforce the automatic stay provision that governs most interlocutory appeals. *E.g.*, *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). It has been used to seal documents while an interlocutory appeal is pending. *Monsanto Co. v. Davis*, 10 S.W.3d 28, 29 (Tex. App.—Waco 2002, no pet.) (per curiam). It has also been cited, perhaps unnecessarily, as a basis for issuing injunctive relief to preserve the *res* of a real-estate dispute. *Lavigne v. Holder*, 186 S.W.3d 625, 626 (Tex. App.—Fort Worth 2006, no pet.).

But the rule has never been used, as plaintiffs seek to use it in this case, to bestow on a party the very relief it would obtain if that party ultimately prevailed in the pending litigation. As the Court correctly noted in *Mote Resources Inc. v. Railroad Commission*, there is a difference between the subject

matter of the dispute and the legal result of the litigation, 618 S.W.2d 877, 879 (Tex. Civ. App.—Austin 1981, no writ). The property interest at issue in *Mote Resources* existed as a matter of law until the court acted. This prohibits relief requesting that a temporary injunction order be left in place pending appeal. *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 790-91 (Tex. App.—Houston [1st Dist.] 1990, no writ).

As the Court has already concluded, plaintiffs have no present right to retain the same or similar reimbursement rates for Medicaid services in the future. *Diana D.*, 2016 WL 1639871, at *6 (holding that plaintiffs lack vested rights). Because Medicaid funding is always contingent on cuts in appropriations, 42 U.S.C. § 1396b(a); TEX. HUM. RES. CODE § 32.028, plaintiffs have no presently enforceable right on which to base their request for Rule 29.3 relief.

### E. Plaintiffs Cannot Invoke the Inherent Power to Protect Appellate Jurisdiction, Because a Change in the Rates Will Not Moot these Proceedings.

Plaintiffs suggest that some sort of relief is necessary to protect their "right . . . to have their rights preserved until final disposition of the appeal." Motion at 2. This is a misstatement of the scope of appellate power and the nature of an appealing party's rights. Apart from the broader power to issue temporary relief and enforce unsuperseded temporary orders pending interlocutory appeals, *see* TEX. R. APP. P. 29.3, 29.4, the appellate courts have only inherent authority to issue relief pending interlocutory appeal, and that

authority extends only to orders that protect appellate jurisdiction, *see* TEX. CONST. art. V § 6(a); *e.g.*, *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). A writ of appellate injunction is appropriate, for example, to prevent the sale of real property to which a party asserts a present right that will not cease to exist unless and until a court rules on the substance of the lawsuit. *E.g.*, *Mote Resources*, 618 S.W.2d at 879 (issuing appellate injunction for deprivation of title to oil and gas produced under the rule of capture, because property interest in captured minerals would not be extinguished, if at all, until final judgment). Anything less than the potential dissolution of the appeal cannot trigger the Court's inherent powers.

This Court's inherent grant of injunction power is significantly more constrained than the trial court's power to issue a temporary injunction preserving the status quo ante. *See Baird v. Sam Houston Elec. Coop*, 627 S.W.2d 732, 733-34 (Tex. App.—Houston [1st Dist.] orig. proceeding) (per curiam). The appellate court lacks authority to issue the writ merely to preserve the parties from harm pending appeal. *Id.* The original writ cannot issue to remedy a situation that would "result only in damages or inconvenience . . . leaving the subject-matter of the appeal in such a condition that the judgment of [the court of appeals] could effectively operate thereon." *Madison*, 42 S.W.2d at 86.

Plaintiffs do not assert that a change in rates would destroy jurisdiction over this appeal. Indeed, the very structure of the Medicaid system is that rates go into effect, may be rejected by the federal government or the courts,

16

and are then put back in place for future services provided or used. *See Diana D*, 2016 WL 1639871, at \*9. Because the rate making process contemplates exactly this type of change, there is no potential basis for issuing an appellate injunction.

## Conclusion and Prayer

The Court should deny the relief requested because:

- the order on which plaintiffs rely was superseded by the Court's opinion when that opinion issued;

- plaintiffs have filed contempt proceedings in the wrong court, in contravention of rule 29.4; and

- the underlying temporary injunction cannot support the relief plaintiffs previously obtained through supersedeas proceedings and now seek to reinstate.

There is no alternative basis for providing relief because:

- plaintiffs cannot qualify for temporary relief under Rule 29.3 because they already received similar relief under the counter-supersedeas order, and their appropriate remedy is to file a mandamus in the Supreme Court; and

- the Court's inherent power to grant injunctive relief does not extend to these plaintiffs because a change in the rates will not moot the proceedings.

Accordingly, the Court should summarily deny the motion.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

SCOTT A. KELLER
Solicitor General

KRISTOFER S. MONSON
Assistant Solicitor General
State Bar No. 24037129
kristofer.monson@
 texasattorneygeneral.gov


/s/ Kristofer S. Monson
KRISTOFER S. MONSON
Assistant Solicitor General
State Bar No. 24037129
kristofer.monson@texasattorneygen-
eral.gov

Counsel For Appellants

## CERTIFICATE OF SERVICE

On June 20, 2016, this document was served electronically on:


Daniel R. Richards
Benjamin H. Hathaway
Richards Rodriguez & Skeith LLP
816 Congress Avenue
Suite 1200
Austin, Texas 78701
*drichards@rrsfirm.com*
*bhathaway@rrsfirm.com*


/s/ Kristofer S. Monson
KRISTOFER S. MONSON

No. 03-15-00657-CV

# In the Court of Appeals
# for the Third Judicial District
# Austin, Texas

CHRIS TRAYLOR, AS EXECUTIVE COMMISSIONER OF THE TEXAS HEALTH AND
HUMAN SERVICES COMMISSION, ET AL.,

*Appellants*,

*v.*

DIANA D., AS NEXT FRIEND OF KD, A CHILD, ET AL.,

*Appellees.*

On Appeal from the
200th Judicial District Court, Travis County

## APPENDIX

Tab
1. Cover Letter to District Court Alerting it to this Filing ......................................... A
2. Motion for Contempt Improperly Filed in District Court ..................................... B

**Tab A: Cover Letter to District Court Alerting it to this Filing**



**CHASE C. HAMILTON**
Direct Line: (512) 391-8262
chamilton@rrsfirm.com

June 16, 2016

The Honorable Tim Sulak                    **Via Email Megan.Johnson@traviscountytx.gov**
353rd Civil District Court
1000 Guadalupe, 5th Floor
Austin, Texas 78701

    Re:    Cause No. D-1-GN-15-003263 *Diana D., as next of friend of KD, a child, et al. v. Chris Traylor, as Executive Commissioner of Texas Health and Human Services and Texas Health and Human Services Commission;* In the 200th District Court of Travis County, Texas.

Dear Judge Sulak:

As opposing counsel informed the court yesterday, Plaintiffs filed the attached motion for emergency relief in the court of appeals. While there is case law to support the proposition that a trial court has inherent power to enforce its orders, and that Plaintiffs' motion for contempt is properly before the trial court notwithstanding the rules of appellate procedure, the enforcement of orders on appeal may begin with the court of appeals.

Therefore, out of an abundance of caution and to simplify the issues that will be before the trial court, Plaintiffs have asked the court of appeals to formally authorize the trial court to conduct a hearing on their motion for contempt, and to otherwise enforce the trial court's order, which remains in effect until the appeal is finally resolved and mandate issues. We have advised the court of appeals that this Court is holding a June 22 hearing date, and ask that the Court keep the June 22 setting available until such time as the court of appeals acts on Plaintiffs' motion.

Sincerely,
**RICHARDS RODRIGUEZ & SKEITH, LLP**

Chase C. Hamilton

cc:    All Parties of Record

# Tab B: Motion for Contempt Improperly Filed in District Court

CAUSE NO. D-1-GN-15-003263

| | | |
|---|---|---|
| DIANA D., as next of friend of KD, a child, | § | IN THE DISTRICT COURT |
| KAREN G., as next friend of TG and ZM, | § | |
| children, GUADALUPE P., as next of friend | § | |
| of LP, a child, SALLY L., as next of friend of | § | |
| CH, DENA D., as next of friend of BD, a child, | § | |
| LESLIE M., as next of friend of CM, a child | § | |
| OCI ACQUISITION, LLC d/b/a | § | |
| CARE OPTIONS FOR KIDS, | § | |
| CONNECTCARE SOLUTIONS, LLC | § | |
| d/b/a CONNECTCARE THERAPY FOR | § | |
| KIDS, ATLAS PEDIATRIC THERAPY | § | |
| CONSULTANTS LLC, and PATHFINDER | § | |
| PEDIATRIC HOME CARE, INC., | § | |
| | § | 200TH JUDICIAL DISTRICT OF |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CHRIS TRAYLOR, as EXECUTIVE | § | |
| COMMISSIONER of TEXAS | § | |
| HEALTH AND HUMAN SERVICES | § | |
| COMMISSION, and TEXAS | § | |
| HEALTH AND HUMAN SERVICES | § | |
| COMMISSION, | § | |
| | § | |
| Defendants. | § | TRAVIS COUNTY, TEXAS |

---

## PLAINTIFFS' MOTION FOR CONTEMPT

---

TO THE HONORABLE TIM SULAK:

1. On September 25, 2015, this Court signed an Order Granting Temporary Injunction and Denying Supersedeas (the "Temporary Injunction") in the above entitled and numbered cause. The Temporary Injunction orders Defendants to desist and refrain from taking any action to propose or implement any change in reimbursement rates for physical, occupational, and speech therapy services under the Texas Medicaid program without conducting a review of payments

for providing Medicaid-reimbursable therapy services and conducting a review of costs associated with providing Medicaid-reimbursable therapy services. Defendants filed a notice of appeal and on April 21, 2016, the Third Court of Appeals issued its opinion and judgment reversing this Court's Temporary Injunction and dismissing the case for lack of jurisdiction. However, the Third Court of Appeals has not issued mandate.

2.      On May 31, 2016, Plaintiffs filed an unopposed motion for extension of time to file a petition for review in the Texas Supreme Court.[1]  On June 1, 2016, the Texas Supreme Court granted the motion for extension of time setting the date for filing of a petition for review on July 6, 2016.[2]  On May 25, 2016, Defendants issued a notice of a proposed change in Medicaid reimbursement rates that includes a change in the reimbursement rates for physical, occupational, and speech therapy services.[3]  This notice was first made public on June 3, 2016 by publication in the Texas Register. Upon information and belief, Defendants have neither conducted a review of payments for providing Medicaid-reimbursable therapy services nor have they conducted a review of costs associated with providing Medicaid-reimbursable therapy services as provided for in the Temporary Injunction.

3.      <u>The Temporary Injunction remains in effect until mandate is issued.</u>  Texas Rule of Appellate Procedure 18.6 provides:

> The appellate court's judgment on an appeal from an interlocutory order takes effect when the mandate is issued. The court may issue the mandate with its judgment or delay the mandate until the appeal is finally disposed of. If the mandate is issued, any further proceeding in the trial court must conform to the mandate.

---

[1] A true and correct copy of the motion is attached hereto as **Exhibit A.**
[2] A true and correct copy of the notice is attached hereto as **Exhibit B.**
[3] A true and correct copy of the notice is attached hereto as **Exhibit C.** The notice was published at: http://www.sos.state.tx.us/texreg/archive/June32016/In%20Addition/In%20Addition.html#186.

The pending appeal is an appeal of an interlocutory order, therefore T.R.A.P. 18.6 applies. Accordingly, the judgment of the Third Court of Appeals only takes effect when mandate issues. Mandate has not issued, therefore the judgment of the Third Court of Appeals has not taken effect and the Temporary Injunction remains in effect. Under the Texas Rule of Appellate Procedure 18.1(a)(2), the clerk of the Third Court of Appeals does not issue mandate until the resolution of the petition for review. Because mandate has not issued and because mandate will not issue so long as the petition for review is pending, the Temporary Injunction remains in effect.

4.      <u>The Trial Court retains jurisdiction and may enter an order of contempt.</u> Texas Rule of Appellate Procedure 29.5 provides:

> While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the order complained of on appeal. If permitted by law, the trial court may proceed with a trial on the merits. But the court must not make an order that:
> (a) is inconsistent with any appellate court temporary order; or
> (b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.

T.R.A.P. 29.5 confers continuing jurisdiction on the trial court during the period between the judgment of the Court of Appeals and the issuance of mandate. *In re KY*, 273 S.W.3d 703, 707-08 (Tex. App.-Houston [14th Dist.] 2008, no pet.) (Trial court had jurisdiction to proceed to trial on the merits between issuance of judgment and mandate by Court of Appeals.) The pending appeal is an appeal of an interlocutory order, therefore this Court retains jurisdiction of the case and may make further orders. A contempt order enforcing the Temporary Injunction is not inconsistent with any appellate court temporary order because no temporary order has been granted. A contempt order does not interfere with or impair the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal.

5.    Defendants have violated the Temporary Injunction.  The notice issued by Defendants is an act to propose or implement a change in reimbursement rates for physical, occupational, and speech therapy services.  Upon information and belief, Defendants have neither conducted a review of payments nor have they conducted a review of costs associated with providing Medicaid-reimbursable therapy services as provided for in the Temporary Injunction. Accordingly, the actions of the Defendants violate the Temporary Injunction.

6.    Relief Requested.  Plaintiffs request that the Court hold a hearing and enter an order holding Defendants in contempt for violation of the Temporary Injunction.  Plaintiffs request that the Court issue an order that, until mandate is issued by the Texas Supreme Court or the Third Court of Appeals, any act by Defendants to propose or implement a change in reimbursement rates for physical, occupational, and speech therapy services without complying with the Temporary Injunction is void and of no effect.

Respectfully submitted,

**RICHARDS RODRIGUEZ & SKEITH**
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-476-0005
Facsimile:  512-476-1513

By:    _____
DANIEL R. RICHARDS
State Bar No. 00791520
drichards@rrsfirm.com
BENJAMIN H. HATHAWAY
State Bar No. 09224500
bhathaway@rrsfirm.com
CLARK RICHARDS
State Bar No. 90001613
crichards@rrsfirm.com
CHASE C. HAMILTON
State Bar No. 24059881
chamilton@rrsfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been delivered to the following counsel of records on this, the 8th day of June 2016 by electronic notification and/or e-mail:

Esteban Soto
Melissa Holman
Sara Casey
Eugene A. Clayborn
Andrew Lutostanski
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Kristofer S. Monson
Assistant Solicitor General
Office of the Attorney General of Texas
P.O. Box 12548, (MC 059)
Austin, Texas 78711-2548

DANIEL R. RICHARDS

FILED
16-0405
5/31/2016 4:42:54 PM
tex-10899377
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. **16-0405**
_____

---

## IN THE SUPREME COURT OF TEXAS

---

**DIANA D., AS NEXT OF FRIEND OF KD, A CHILD; KAREN G., AS NEXT OF FRIEND OF TG AND ZM, CHILDREN; GUADALUPE P., AS NEXT OF FRIEND OF LP, A CHILD; SALLY L., AS NEXT OF FRIEND OF CH; DENA D., AS NEXT OF FRIEND OF BD, A CHILD; OCI ACQUISITIONS, LLC D/B/A CARE OPTIONS FOR KIDS; CONNECTIONCARE SOLUTIONS, LLC D/B/A CONNECTCARE THERAPY FOR KIDS; ATLAS PEDIATRIC THERAPY CONSULTANTS, LLC; and PATHFINDER PEDIATRIC HOME CARE, INC.,**

*Petitioners,*

**v.**

**CHRIS TRAYLOR, EXECUTIVE COMMISSIONER OF TEXAS HEALTH AND HUMAN SERVICES COMMISSION; and THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**

*Respondents.*

---

On Petition for Review from the
Third Court of Appeals at Austin, Texas
No. 03-15-00657-CV

---

## UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REVIEW

---

Petitioners respectfully file this unopposed first motion for extension of time to file their petition for review. The current filing deadline is June 6, 2016. Petitioners request a 30-day extension, for a new deadline of July 6, 2016.

The reasons for this extension are as follows: Our law firm, Alexander Dubose Jefferson & Townsend LLP, was only recently retained to assist with petition for review proceedings to this Court. The firm's counsel require an extension to master the record, research the law, and develop the arguments necessary to allow for meaningful review by this Court.

Petitioners' counsel is also tasked with preparation of Appellee's Brief in No. 03-15-00728-CV; *Westlake Ethylene Pipeline Corporation v. Railroad Commission of Texas and Eastman Chemical Company*, in the Third Court of Appeals at Austin, due May 31, 2016; preparation of Appellees' Brief in No. 10-15-00066-CV, *McDonald's Restaurants of Texas, Inc., et al v. Crisp, et al*, in the Tenth Court of Appeals at Waco, due June 1, 2016; and preparation of a Brief on the Merits in No. 15-0732, *University of the Incarnate Word v. Redus, et al*, in the Supreme Court of Texas, due June 1; and preparation of Petitioner's Brief on the Merits in *Loya v. Loya*, No. 15-0763, in the Supreme Court of Texas, due June 27.

This extension is unopposed and is not sought for delay. No party will be prejudiced if it is granted. No prior extension has been sought for this filing.

As set forth in the Certificate of Conference, Respondents do not oppose the relief sought in this motion.

Petitioners respectfully request that the Court grant this unopposed first motion for extension of time to file their petition for review, for a new deadline of July 6, 2016.

Respectfully submitted,

/s/ Wallace B. Jefferson
Wallace B. Jefferson
State Bar No. 00000019
wjefferson@adjtlaw.com
Rachel A. Ekery
State Bar No. 00787424
rekery@adjtlaw.com
Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

Daniel R. Richards
State Bar No. 00791520
drichards@rrsfirm.com
Benjamin H. Hathaway
State Bar No. 09224500
bhathaway@rrsfirm.com
Clark Richards
State Bar No. 90001613
crichards@rrsfirm.com
Chase C. Hamilton
State Bar No. 24059881
chamilton@rrsfirm.com
RICHARDS RODRIGUEZ & SKEITH LLP
816 Congress Avenue, Ste. 1200
Austin, TX 78701
Telephone: (512) 476-0005
Facsimile:  (512) 476-1513

**ATTORNEYS FOR PETITIONERS**

## CERTIFICATE OF CONFERENCE

I certify that on May 31, 2016, I conferred with Kristofer S. Monson, counsel

for Respondents, and he stated that his clients do not oppose the relief sought in this

motion for extension of time.

/s/ Wallace B. Jefferson
Wallace B. Jefferson

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2016, this motion was served via electronic

service through eFile.TXCourts.gov on Respondents through counsel of record,

listed below:

Kristofer S. Monson
Assistant Solicitor General
State Bar No. 24037129
Kristofer.monson@texasattorneygeneral.gov
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Office of the Attorney General of Texas
P.O. Box 12548, (MC 059)
Austin, Texas 78711-2548
Telephone: (512) 936-1700
Facsimile: (512) 474-2697

/s/ Wallace B. Jefferson
Wallace B. Jefferson

RE: Case No. 16-0405                          DATE: 6/1/2016
COA #: 03-15-00657-CV                  TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

    Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under Tex. R. App. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


                MS. RACHEL ANNE EKERY
                ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
                515 CONGRESS AVENUE, SUITE 2350
                AUSTIN, TX  78701-3562
                * DELIVERED VIA E-MAIL *

```
     RE: Case No. 16-0405                    DATE: 6/1/2016
     COA #: 03-15-00657-CV           TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR
```

    Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


```
                    MS. VELVA L. PRICE
                    TRAVIS COUNTY  DISTRICT CLERK
                    P. O. BOX 1748
                    AUSTIN, TX  78767-1748
                    * DELIVERED VIA E-MAIL *
```

RE: Case No. 16-0405      DATE: 6/1/2016
COA #: 03-15-00657-CV   TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

  Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**

      MR. BENJAMIN H. HATHAWAY
      RICHARDS RODRIGUEZ & SKEITH
      816 CONGRESS AVE., SUITE 1200
      AUSTIN, TX  78701
      * DELIVERED VIA E-MAIL *

RE: Case No. 16-0405                          DATE: 6/1/2016
COA #: 03-15-00657-CV              TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

     Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


                    MR. CLARK  RICHARDS
                    RICHARDS RODRIGUEZ & SKEITH, L.L.P.
                    816 CONGRESS, SUITE 1200
                    AUSTIN, TX  78701
                    * DELIVERED VIA E-MAIL *

```
RE: Case No. 16-0405                        DATE: 6/1/2016
COA #: 03-15-00657-CV              TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR
```

Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case. The petition for review is due to be filed no later than **July 6, 2016.**

```
MS. AMY  WARR
ALEXANDER DUBOSE JEFFERSON & TOWNSEND
LLP
515 CONGRESS AVE., SUITE 2350
AUSTIN, TX  78701-3562
* DELIVERED VIA E-MAIL *
```

RE: Case No. 16-0405                          DATE: 6/1/2016
COA #: 03-15-00657-CV              TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

    Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


                    MR. JEFFREY D. KYLE
                    CLERK, THIRD COURT OF APPEALS
                    209 WEST 14TH STREET, ROOM 101
                    AUSTIN, TX  78701
                    * DELIVERED VIA E-MAIL *

RE: Case No. 16-0405          DATE: 6/1/2016
COA #: 03-15-00657-CV          TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

      Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case. The petition for review is due to be filed no later than **July 6, 2016.**

             MR. CHASE  HAMILTON
             RICHARDS RODRIGUEZ & SKEITH
             816 CONGRESS AVENUE, SUITE 1200
             AUSTIN, TX  78701
             * DELIVERED VIA E-MAIL *

RE: Case No. 16-0405                              DATE: 6/1/2016
COA #: 03-15-00657-CV                    TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

    Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


                MR. DANIEL R. RICHARDS
                RICHARDS RODRIGUEZ & SKEITH, L.L.P.
                816 CONGRESS, SUITE 1200
                AUSTIN, TX  78701
                * DELIVERED VIA E-MAIL *

RE: Case No. 16-0405                          DATE: 6/1/2016
COA #: 03-15-00657-CV              TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR

     Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**


                    MR. KRISTOFER S. MONSON
                    ASSISTANT SOLICITOR GENERAL
                    P.O. BOX 12548 (MC 059)
                    AUSTIN, TX  78711-2548
                    * DELIVERED VIA E-MAIL *

```
     RE: Case No. 16-0405                    DATE: 6/1/2016
     COA #: 03-15-00657-CV         TC#: D-1-GN-15-003263
STYLE: DIANA D. v. TRAYLOR
```

Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under TEX. R. APP. P. 53.7(f) in the above-referenced case.  The petition for review is due to be filed no later than **July 6, 2016.**

```
                    MR. WALLACE B. JEFFERSON
                    ALEXANDER DUBOSE JEFFERSON & TOWNSEND
                    LLP
                    515 CONGRESS AVENUE, SUITE 2350
                    AUSTIN, TX  78701-3562
                    * DELIVERED VIA E-MAIL *
```

**Exhibit C to Plaintiffs' Motion for Contempt**
**Page 1 of 2**

**Texas Health and Human Services Commission**

**Public Notice**

The Texas Health and Human Services Commission (HHSC) announces its intent to submit an amendment to the Texas State Plan for Medical Assistance under Title XIX of the Social Security Act. The proposed amendment is effective July 15, 2016.

The purpose of this amendment is to update the fee schedules in the current state plan by adjusting fees, rates or charges for physical, occupational, and speech therapy for:

Early and Periodic Screening, Diagnosis, and Treatment Services (EPSDT);

Physicians and Other Practitioners; and

Home Health Services.

These rate actions comply with applicable adjustments in response to direction from the 2016-2017 General Appropriations Act (House Bill 1, 84th Leg., R.S., art. II, Rider 50, at II-96 to II-98 (Health and Human Services section, Health and Human Services)). Proposed rate adjustments were calculated based on an analysis of Medicaid fees paid by other states and previous Texas Medicaid payments for Medicaid-reimbursable therapy services. Where current Texas Medicaid rates exceed 150 percent of the median of other states' rates for the same service, a percentage reduction is applied in most cases. A small percentage reduction is also applied to Texas Medicaid rates that do not exceed 150 percent of the median of other states' rates for the same service and in cases where information on other states' rates is not available. All of the proposed adjustments are being made in accordance with 1 TAC §355.201.

The proposed amendment is estimated to result in an annual savings of $30,683,785 for federal fiscal year (FFY) 2016, consisting of $17,529,646 in federal funds and $13,154,139 in state general revenue. For FFY 2017, the estimated annual savings is $129,880,683 consisting of $72,966,968 in federal funds and $56,913,715 in state general revenue. For FFY 2018, the estimated annual savings is $135,171,008 consisting of $75,939,072 in federal funds and $59,231,936 in state general revenue.

To obtain copies of the proposed amendment or to submit or view written comments, interested parties may contact Dan Huggins, Director of Rate Analysis for Acute Care Services, by mail at the Rate Analysis Department, Texas Health and Human Services Commission, P.O. Box 149030, H-400, Austin, Texas 78714-9030; by telephone at (512) 707-6071; by facsimile at (512) 730-7475; or by e-mail at *dan.huggins@hhsc.state.tx.us*. Copies of the proposal will also be made available for public review at the local offices of the Texas Department of Aging and Disability Services.

TRD-201602645

Karen Ray

**Exhibit C to Plaintiffs' Motion for Contempt**
**Page 2 of 2**

Chief Counsel

Texas Health and Human Services Commission

Filed: May 25, 2016